Therefore, contrary to the majority, I would deny Respondent's motion to dismiss and would proceed with the matter.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0225P (6th Cir.)
File Name:  01a0225p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

SIDNEY PORTERFIELD,
   *Petitioner-Appellant,*

    *v.*       No. 01-5107

RICKY BELL, Warden,
   *Respondent-Appellee.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 97-02362—James D. Todd, Chief District Judge.

Decided and Filed:  July 18, 2001

Before:  NORRIS, BATCHELDER, and CLAY, Circuit Judges.

—————————————

**MEMORANDUM OPINION**

—————————————

NORRIS, J., delivered the opinion of the court, in which BATCHELDER, J., joined.  CLAY, J. (pp. 6-8), delivered a separate dissenting opinion.

ALAN E. NORRIS, Circuit Judge.  In this capital case, the State of Tennessee, representing respondent Ricky Bell, the warden of the Riverbend Maximum Security Facility, has filed a motion to dismiss a number of claims certified as

appealable by the district court pursuant to 28 U.S.C. § 2253(c). The State takes the position that the district court violated the requirements of *Slack v. McDaniel*, 529 U.S. 473 (2000), when it certified claims that it had decided adversely to petitioner on procedural grounds. While we deny the State's motion to dismiss, we remand this cause to the district court to permit it to make the kind of individualized determination as to each procedurally defaulted claim that we believe *Slack* requires.

Before proceeding, we must first decide whether this court should review challenges to the grant of a certificate of appealability or simply decide the certified claims on their merits. As the Court of Appeals for the Seventh Circuit has noted, a certificate of appealability, even if improvidently granted, vests jurisdiction in the court of appeals. *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000). Under normal circumstances, considerations of judicial economy will discourage review of certificates of appealability: the district court will have already invested substantial time in the certification process; the parties may have already briefed the merits of the claims; and review by this court would not only duplicate the district court's efforts, in capital cases such as the case *sub judice*, it will further delay an already lengthy process. In this case, however, none of these reasons is present. The parties have not submitted merits briefs to this court and the district court has not engaged in any individualized assessment of whether, pursuant to *Slack*, "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Under these circumstances, we believe a review of the district court's decision is appropriate, if only to provide guidance to district courts faced with the task of certifying claims for appeal.

Since the enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a litigant who seeks to initiate an appeal of the dismissal of a habeas corpus petition must satisfy the following certificate of appealability requirements:

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S. at 893, and n.4 ("sum[ming] up" the "'substantial showing'" standard).

*Id.* at 483-84 (alteration in *Slack*). Although not addressed by the Court in *Slack*, likely because *Slack* did not involve a capital matter, it is important to note *Barefoot's* command that "[i]n a capital case, the nature of the penalty is a proper consideration in determining whether to issue a certificate of [appealability]. . . .[,]" *Barefoot*, 463 U.S. at 893, which I find no less controlling than *Barefoot's* other commands upon which the Supreme Court relied in *Slack*.

In the matter at hand, the district court noted in its order denying Respondent's motion for reconsideration of the certificate of appealability that it was aware of *Slack's* requirements, but that the court was also of the belief that "certificates of appealability should not be unduly restricted in death penalty cases." *See Porterfield v. Bell*, No. 97-2362-To, at 2 (W.D. Tenn. Feb. 6, 2001) (Order Denying Motion for Reconsideration of Certificate of Appealability). Indeed, the district court's decision was in keeping with *Slack* and *Barefoot*, and in my opinion, remanding the matter back to the district court for further consideration under *Slack* serves no useful purpose but to undermine the court's decision to apply *Slack* liberally in a capital case. Again, although *Slack* may not state that it should be applied liberally in capital cases, *Barefoot* – the case upon which *Slack* relies and § 2253 is based – clearly states that the nature of the penalty should be considered when issuing a certificate of appealability. *See Barefoot*, 463 U.S. at 893. Several of our sister circuits which have reviewed certificates of appealability in capital cases in the aftermath of *Slack* have likewise considered the nature of the penalty involved, and have thus applied the *Slack* standard liberally. *See Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001); *see also Peoples v. Haley*, 227 F.3d 1342, 1344 (11th Cir. 2000); *Alexander v. Johnson*, 211 F.3d 895, 897 (5th Cir. 2000).

———————

## DISSENT

———————

CLAY, Circuit Judge, dissenting. Although I agree with the majority that we retain jurisdiction to exercise our discretion over a certificate of appealability, *see United States v. Marcello*, 212 F.3d 1005, 1007-08 (7th Cir. 2000), I disagree with the majority's decision to vacate the certificate of appealability granted to Petitioner by the district court in this case. The district court was obviously aware of the requirements of *Slack v. McDaniel*, 529 U.S. 473 (2000), but applied them liberally inasmuch as this is a capital case. Because I agree with the district court's approach, I see no reason to remand the matter for further consideration. I therefore respectfully dissent.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") allows for the issuance of a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right[,]" *see* 28 U.S.C. § 2253(c)(2), and the AEDPA further requires the applicant to make such a showing with respect to each issue he seeks to raise on appeal. *See* 28 U.S.C. § 2253(c)(3). In *Slack v. McDaniel*, the Supreme Court noted that "[e]xcept for substituting the word 'constitutional' for the word 'federal,' § 2253 is a codification of the CPC [certificate of probable cause] standard announced in *Barefoot v. Estelle*, 463 U.S. [880], 894 [(1983)]." *See* 529 U.S. at 483. The Court went on to state that "we give the language found in § 2253(c) the meaning ascribed it in *Barefoot*, with due note for the substitution of the word 'constitutional.'" *Id.* Accordingly, while relying on *Barefoot,* the Court held that

[t]o obtain a COA [certificate of appealability] under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that

---

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). In parsing this statutory language, the Court in *Slack* first observed that "Congress expressed no intention to allow trial court procedural error to bar vindication of substantial constitutional rights on appeal." *Id.*, 529 U.S. at 483. Nonetheless, the Court went on to hold:

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in *Barefoot, supra,* at 893, and n. 4, 103 S.Ct. 3383, and adopted by Congress in AEDPA. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* at 484. Furthermore, the Court went on to underscore that this inquiry has two components, "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485.

In the case before us, the district court granted summary judgment to the respondent on a number of claims based upon procedural default. Yet, in granting a certificate of appealability as to all claims, the court did not provide us with any analysis to indicate that it had engaged in the two-pronged inquiry set forth in *Slack* as to each of the procedurally defaulted claims. Rather, the court simply ordered, "In accordance with the standard set forth in *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983), and *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997), the Court hereby GRANTS a certificate of appealablity as to each of the claims raised in the petition." Order, January 17, 2001.

After respondent filed a motion for reconsideration in light of *Slack*, the district court issued a second order denying the motion:

> While the Court does not take the Supreme Court's decision in *Slack* lightly, the petitioner in that case was not under a sentence of death. It is this Court's opinion that certificates of appealability should not be unduly restricted in death penalty cases.

Order, February 2, 2001. While we do not necessarily disagree with the view that trial courts should err on the side of caution when it comes to the certification of claims that arguably have merit, there is nothing to suggest that *Slack* does not apply with equal force in capital cases.

Since the enactment of AEDPA, this court has noted a disturbing lack of uniformity throughout the districts of our circuit with respect to how trial courts are to determine the

extent to which certificates of appealability should issue. The approaches vary from a blanket grant as to all issues, as in this case, to blanket denials. Both of these approaches undermine the gate keeping function of certificates of appealability, which ideally should separate the constitutional claims that merit the close attention of counsel and this court from those claims that have little or no viability. Moreover, because the district court is already deeply familiar with the claims raised by petitioner, it is in a far better position from an institutional perspective than this court to determine which claims should be certified for appeal.

Accordingly, we vacate the certificate of appealability granted by the district court in this case and remand the matter in order to permit the court to engage in the reasoned assessment of each procedurally defaulted claim as required by *Slack*. Respondent's motion to dismiss is likewise denied.