**Steve Edward KING, Petitioner–
Appellant,**

v.

**David TRIPPETT, Respondent–
Appellee.**

No. 00–2253.

United States Court of Appeals,
Sixth Circuit.

Nov. 13, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

Steve Edward King appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1992, a Michigan jury convicted King of two counts of first-degree murder, assault with the intent to murder, and unlawfully carrying a dangerous weapon. He was sentenced to life imprisonment without parole, and this sentence was affirmed

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

on direct appeal. *Michigan v. King*, No. 161886, slip op. (Mich.Ct.App. July 26, 1996) (unpublished). The trial court subsequently denied King's motion for relief from judgment, and the state appellate courts summarily denied his motions for leave to file a delayed appeal.

King raised ten grounds for relief in his current habeas corpus petition. The district court considered each of these claims and issued a detailed opinion dismissing the case on September 19, 2000. It is from this judgment that King now appeals, moving for the appointment of counsel.

The district court issued a certificate of appealability ("COA") with regard to each of Kings's claims. The respondent has filed a motion to remand the case, alleging that the district court's COA order did not indicate that King had made a substantial showing of the denial of a constitutional right, as prescribed by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Since the enactment of AEDPA, this court has noted a disturbing lack of uniformity throughout the districts of our circuit with respect to how trial courts are to determine the extent to which certificates of appealability should issue. The approaches vary from a blanket grant as to all issues, as in this case, to blanket denials. Both of these approaches undermine the gate keeping function of certificates of appealability, which ideally should separate the constitutional claims that merit the close attention of counsel and this court from those claims that have little or no viability. Moreover, because the district court is already deeply familiar with the claims raised by petitioner, it is in a far better position from an institutional perspective than this court to determine which claims should be certified for appeal.

*Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir.2001).

In the instant case, however, the district court's memorandum opinion specifically addressed each of King's claims, and the parties have already briefed the merits of those claims on appeal. Thus, while the district courts should consider the individual viability of each claim before they issue a COA, we conclude that a remand is not necessary in the case at hand. *See id.*

■ We review the denial of King's § 2254 petition *de novo*. *See Seymour v. Walker*, 224 F.3d 542, 549 (6th Cir.2000), *cert. denied*, 532 U.S. 989, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001). However, the district court's factual findings are examined for clear error. *See id.* Relief is available only if the state court's rejection of King's claims: 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ King first alleged that the prosecution violated a discovery order and failed to disclose exculpatory evidence before trial. This claim was rejected on the merits by the Michigan Court of Appeals. *King*, No. 161886, slip op. at 1–2. The district court properly found that this claim generally involved an issue of state law that is not cognizable in a federal habeas corpus proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Moreover, the state court's ruling did not involve an unreasonable interpretation of the facts or an unreasonable application of clearly established Su-

preme Court precedent. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Thus, King's claim fails to provide a viable basis for federal habeas corpus relief.

■ King alleged that the trial court should have granted his motion for a change of venue or should have allowed him to challenge the jurors for cause if they had seen a re-enactment of the offense on a television show. The state court of appeals found that this claim lacked merit because the trial court had determined that the unexcused jurors could try the case impartially. *King,* No. 161886, slip op. at 2. King argues that massive pretrial publicity can result in a violation of due process. However, the district court properly rejected the claim because he has not shown that the state court's ruling was based on an unreasonable interpretation of the facts or an unreasonable application of Supreme Court precedent. *See Mu'Min v. Virginia,* 500 U.S. 415, 422–32, 111 S.Ct. 1899, 114 L.Ed.2d 493 (1991).

■ King alleged that the trial court improperly restricted his cross-examination of a witness, who testified that King had admitted his involvement in the offenses charged. The state appellate court found that this claim had not been preserved. It also found that the alleged error was harmless, as other testimony indicated that the witness had several prior convictions. *King,* No. 161886, slip op. at 2–3. King now argues that his attorney did raise an objection at trial. However, he has not shown that the state court interpreted the facts unreasonably by finding that counsel ultimately acquiesced in the trial court's decision. *Id.* at 3. Thus, dismissal was proper because King has not shown cause or prejudice that might excuse the procedural default of this claim. *See Scott v. Mitchell,* 209 F.3d 854, 864–73

(6th Cir.), *cert. denied,* 531 U.S. 1021, 121 S.Ct. 588, 148 L.Ed.2d 503 (2000).

■ King alleged that the prosecutor improperly elicited testimony of other bad acts, including the abuse of his girlfriend, his use of drugs, and his intimidation of a witness. The Michigan Court of Appeals rejected this claim because King had not raised a contemporaneous objection at trial and because the alleged error did not constitute manifest injustice. *King,* No. 161886, slip op. at 3. The district court found that King had not established cause that might excuse the procedural default of this claim. *See Scott,* 209 F.3d at 864–73. King now argues that his attorney's failure to object constituted ineffective assistance. However, the state court of appeals plainly held that counsel's performance had not been deficient in this regard. *King,* No. 161886, slip op. at 3. King has not shown that this ruling was based on an unreasonable interpretation of the facts or an unreasonable application of the controlling law. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hence, he has not shown cause for his procedural default, and the failure to do so independently defeats his claim. *See Smith v. Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

■ King alleged that the trial court should have ordered a neuropsychological examination of an eyewitness and surviving victim because he had been beaten about the head. The state court of appeals rejected this claim because King's suggestion that the victim had suffered memory loss was speculative and contrary to the evidence. *King,* No. 161886, slip op. at 4. The district court found that the claim primarily involved an alleged violation of state law that did not rise to the level of a constitutional violation. *See Estelle,* 502 U.S. at 67–68, 112 S.Ct. 475. King apparently argues that this claim involves a

violation of his Sixth Amendment rights. However, this argument fails because the state court's ruling was not based on an unreasonable interpretation of the facts or of the controlling law.

King alleged that he was subjected to several instances of prosecutorial misconduct and that his attorney failed to raise a contemporaneous objection regarding this claim. The Michigan Court of Appeals rejected these claims, noting that King "was convicted because of the overwhelming evidence of his guilt, not as a result of counsel's ineffectiveness, the prosecutor's misconduct, or the error of the trial court." *King*, No. 161886, slip op. at 4. The state court's ruling on this issue was not based on an unreasonable interpretation of the facts or the law. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Thus, the district court properly found that King's failure to show cause for his procedural default was independently sufficient to defeat this claim. *See Smith*, 477 U.S. at 533, 106 S.Ct. 2661.

■ In his seventh claim, King alleged that the prosecutor knowingly elicited perjured testimony from a witness who later recanted. The state trial court rejected this claim when it denied King's motion for relief from judgment because he had not demonstrated cause or prejudice that might excuse his failure to raise it in a motion for new trial or on appeal. Contrary to King's current arguments, the state court plainly relied on his procedural default in denying this claim. Thus, the district court properly found the claim was unavailing because King had not established cause and prejudice to excuse his procedural default. *See Scott*, 209 F.3d at 864–73.

King alleged that his trial on assault, armed robbery, and firearm charges exceeded the scope of his extradition warrant from Guyana. The trial court rejected this claim when it denied his motion for relief from judgment. King now argues that the district court erred by finding that the claim was procedurally defaulted. However, the court properly found that King's extradition claim was lacking in substantive merit. *See United States v. Alvarez–Maccan*, 504 U.S. 655, 669–70, 112 S.Ct. 2188, 119 L.Ed.2d 441 (1992).

■ King alleged that the trial court improperly refused to enter a directed verdict on his armed robbery charge, even though the jury subsequently acquitted him on that charge. The state court found that there was sufficient evidence to survive a directed verdict and that there was no indication that the jury had reached a compromise verdict. Moreover, the district court properly found that the trial court's alleged misapplication of state law was not cognizable in a federal habeas corpus proceeding. *See Estelle*, 502 U.S. at 67–68, 112 S.Ct. 475.

Finally, King alleged that he was denied a fair trial by the combined effect of the other errors that he had asserted. The district court properly rejected this claim because King did not show that he was denied a fundamentally fair trial by the cumulative effect of the errors that he had alleged. *See United States v. Mays*, 69 F.3d 116, 123 (6th Cir.1995).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.