**Darwin GRAVITT, also known as Prince Gravitt, Petitioner–Appellant,**

v.

**Zbigniew TYSZKIEWICZ, Respondent–Appellee.**

No. 01–1597.

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2002.

Before BOGGS and MOORE, Circuit Judges; RUSSELL, District Judge.*

*ORDER*

Darwin Gravitt, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Gravitt's habeas petition is difficult to read or understand and it is not clear what he is challenging. But it appears that Gravitt was convicted of criminal sexual conduct, second degree, in 1978 and was sentenced to four to fifteen years in prison. In 1981, he was convicted of an unspecified assault crime and received a thirteen to twenty years prison sentence. He was

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

also convicted in 1981 of assault on a prison employee and was sentenced to five to eight years in prison. In 1982, he was again convicted of assault on a prison employee and was sentenced to an additional four to eight years in prison. There is no indication that Gravitt ever appealed these convictions. It is also unclear whether Gravitt remains in custody for all, or only some, of these convictions. The district court dismissed Gravitt's petition as untimely pursuant to 28 U.S.C. § 2244(d)(1), and granted Gravitt a certificate of appealability.

■ Initially, we note that the respondent argues that this appeal should be dismissed. The respondent takes the position that the district court violated the requirements of *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), when it granted Gravitt a certificate of appealability. The district court denied Gravitt's habeas petition on procedural grounds without reaching the merits of his claims. The Supreme Court held in *Slack* that when a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying claims, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484, 120 S.Ct. 1595. Each of these steps is "part of a threshold inquiry" that must be satisfied before the court of appeals may hear the appeal. *Id.* at 485, 120 S.Ct. 1595. However, where, as here, the district court has invested time in the certification process and the parties have briefed the merits of the appeal, the court will not review the district court's decision concerning the certificate of appealability. *See Porterfield v.*

*Bell*, 258 F.3d 484, 485 (6th Cir.2001). Therefore, the respondent's request to dismiss the appeal is denied and this court will consider the merits of this appeal.

■ This court reviews a district court's disposition of a habeas corpus petition de novo. *See Harris v. Stovall*, 212 F.3d 940, 941 (6th Cir.2000), *cert. denied*, 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001). Upon review, we conclude that the district court properly held that Gravitt's petition was barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this case because Gravitt filed his petition for a writ of habeas corpus after the AEDPA's effective date of April 24, 1996. The AEDPA contains a one year statute of limitations. 28 U.S.C. § 2244(d)(1). Gravitt's convictions became final before the effective date of the AEDPA. Therefore, absent state post-conviction or other collateral review proceedings, Gravitt would have been required to file his habeas petition by April 24, 1997, to comply with the one-year limitations period. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999), *cert. denied*, 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000); *Hoggro v. Boone*, 150 F.3d 1223, 1226–27 (10th Cir.1998).

It is unclear whether Gravitt ever sought post-conviction or collateral review of any of these convictions. The respondent submits docket sheets from a number of cases that Gravitt filed with the Michigan Court of Appeals. However, it is unclear whether any of these actions challenged Gravitt's criminal convictions or constituted a "properly filed" application for post-conviction relief. Gravitt does not assert in his habeas petition that he ever sought post-conviction relief with the Michigan courts. However, even if these state court actions were construed as such, the most recent Michigan Court of Appeals matter concluded on November 12, 1997.

It does not appear that Gravitt ever appealed this action to the Michigan Supreme Court. Regardless of whether a petitioner actually appeals the denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir.2000). Under Mich. Ct. R. 7.302(C)(3), Gravitt would have had fifty-six days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals. *See* Mich. Ct. R. 7.302(C)(3). Under the most generous computations, the tolling of the limitations period would therefore have ended no later than January 7, 1998, when Gravitt failed to appeal the November 12, 1997, action to the Michigan Supreme Court. Because Gravitt's habeas petition was not filed until June 19, 2000, which was over two years after this date, the petition is untimely.

Gravitt has not shown that equitable tolling principles should apply to permit review of his time-barred claims for habeas corpus relief. The standard to be applied to determine whether equitable tolling of a limitations period is appropriate is this court's five part test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988). *See Dunlap v. United States*, 250 F.3d 1001, 1008–09 (6th Cir.2001). The court must consider the following factors: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008 (citing *Andrews*, 851 F.2d at 150). Considering these factors, we conclude that Gravitt has failed to meet his burden of proof.

Accordingly, the district court's order dismissing Gravitt's habeas petition as untimely is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.