David CHANNELS, Petitioner–
Appellant,

v.

Barry MCLEMORE, Warden,
Respondent–Appellee.

No. 01–1931.

United States Court of Appeals,
Sixth Circuit.

Jan. 25, 2002.

Before BOGGS and MOORE, Circuit
Judges; RUSSELL, District Judge.*

David Channels, a Michigan prisoner
proceeding pro se, appeals a district court
judgment dismissing his petition for a writ
of habeas corpus filed pursuant to 28
U.S.C. § 2254. This case has been re-
ferred to a panel of the court pursuant to
Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

On September 6, 1990, a jury found
Channels guilty of breaking and entering
an occupied dwelling with the intent to
commit a larceny. Following the jury ver-
dict, Channels pled guilty to being a fourth
offense habitual offender. On October 2,
1990, Channels was sentenced to serve
twenty-eight to sixty years of imprison-
ment. The Michigan Court of Appeals
reversed Channels's conviction. However,
in lieu of granting leave to appeal and
while retaining jurisdiction, the Michigan
Supreme Court remanded the case to the
court of appeals for a harmless error anal-
ysis. Upon remand, the court of appeals
vacated its earlier decision and affirmed

---

* The Honorable Thomas B. Russell, United
States District Judge for the Western District
of Kentucky, sitting by designation.

Channels's conviction on February 13, 1995. On April 18, 1995, the Michigan Supreme Court denied Channels's application for leave to appeal the February 13, 1995, decision of the court of appeals. Channels's motion for reconsideration was denied by the supreme court on June 30, 1995.

On April 17, 1997, Channels signed a motion for relief from judgment, which was denied by the trial court on November 19, 1997. The Michigan Court of Appeals denied Channels's delayed application for leave to appeal on October 23, 1998. On May 25, 1999, the Michigan Supreme Court denied Channels's application for leave to appeal.

In his § 2254 petition for a writ of habeas corpus, signed on March 29, 2000, and filed on May 3, 2000, Channels raised five grounds for relief. McLemore filed a motion for summary judgment, to which Channels responded. A magistrate judge filed a report recommending that McLemore's motion be granted and Channels's petition be dismissed as barred by the applicable statute of limitations. Over Channels's objections, the district court accepted the magistrate judge's report and recommendation, granted McLemore's motion for summary judgment, and dismissed Channels's habeas corpus petition. The district court subsequently granted Channels's request for a certificate of appealability, certifying all five asserted grounds for relief for appeal. The case has now been fully briefed by the parties. Channels requests appointment of counsel and continuance of his in forma pauperis status.

Initially, we note that the district court in the instant case granted a certificate of appealability without providing "any analysis to indicate that it had engaged in the two-pronged inquiry set forth in *Slack* [*v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)]." *Porterfield v. Bell,* 258 F.3d 484, 486 (6th Cir.2001). In fact, neither the district court nor the magistrate judge addressed or ruled upon the merits of the grounds for relief asserted by Channels in his petition. However, rather than remand this case to the district court for a *Slack* analysis, we will limit our review to the limitations issue since the statute of limitations is a plain procedural bar that is present on the face of the petition.

We review de novo the district court's disposition of a habeas corpus petition. *Payton v. Brigano,* 256 F.3d 405, 407–08 (6th Cir.2001). We also review de novo the district court's grant of summary judgment. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations begins to run from the latest of four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Habeas corpus petitioners, whose state convictions were concluded by direct review prior to the effective date of the AEDPA, are afforded a one-year grace period, until April 24, 1997, in which to file a § 2254 petition. *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). This one-year grace period is tolled by any time spent pursuing properly filed state post-

conviction or other collateral review proceedings. *Id.*

 Upon review, we conclude that the district court properly dismissed Channels's habeas corpus petition as untimely. Channels's state court convictions became final prior to the effective date of the AEDPA. Thus, Channels is allowed one year from the effective date of the AEDPA, or until April 24, 1997, to file his habeas corpus petition. *See id.* Channels's habeas corpus petition was not signed until March 29, 2000, *see Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), well beyond the one-year grace period for filing such a petition.

Although the one-year grace period was tolled during the pendency of Channels's post-conviction proceedings, his petition remains time-barred. When Channels filed his motion for relief from judgment in the trial court on April 17, 1997, 358 days of the grace period had elapsed. The post-conviction proceedings concluded on May 25, 1999, when the Michigan Supreme Court denied Channels's application for leave to appeal the denial of his motion for post-conviction relief. The statute of limitations began to run again on May 26, 1999, and expired seven days later. Since Channels did not file his habeas corpus petition within those seven days, or by June 2, 1999, his petition is time-barred.

 Despite Channels's argument to the contrary, there is no basis upon which to invoke the doctrine of equitable tolling under the circumstances of this case. *See Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001) (habeas corpus petition filed pursuant to § 2255). Furthermore, even if the AEDPA's statute of limitations could be excused because of a petitioner's actual innocence, Channels has not submitted any new evidence demonstrating his innocence. *See Schlup v. Delo,* 513 U.S.

298, 327–30, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.