**Mark Earl WHITE, Petitioner–Appellant,**

v.

**Robert J. KAPTURE, Warden, Respondent–Appellee.**

**No. 01–2490.**

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before SILER and CLAY, Circuit Judges; OBERDORFER, District Judge.*

Mark Earl White, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 2, 1991, White pled guilty to first degree retail fraud and assault and battery. For the fraud conviction, White was sentenced to serve two years of probation, which was suspended on the condition

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Co- lumbia, sitting by designation.

that White enter a residential substance abuse program. For the assault conviction, White was sentenced to serve thirty-nine days in jail and was given credit for thirty-nine days already served. White did not appeal his convictions. His sentences expired on December 23, 1992.

On November 9, 1999, White filed a motion for relief from judgment, which was denied by the trial court on December 15, 1999. The Michigan Court of Appeals denied White's application for leave to appeal on August 21, 2000. On January 30, 2001, the Michigan Supreme Court denied White's application for leave to appeal.

In his § 2254 petition for a writ of habeas corpus, dated February 19, 2001, and filed on February 22, 2001, White raised six grounds for relief. The district court dismissed White's habeas corpus petition, concluding that the petition was barred by the applicable statute of limitations and that the court lacked jurisdiction over the petition. White's motion for reconsideration was denied. White filed a timely notice of appeal and a motion for a certificate of appealability. The district court granted White's motion for a certificate of appealability, certifying all six grounds for relief for appeal. The case has now been fully briefed by the parties. In addition, White filed a notice of supplemental authority and a motion to remand.

Initially, we note that the district court in the instant case granted a certificate of appealability without providing "any analysis to indicate that it had engaged in the two-pronged inquiry set forth in *Slack* [*v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ]." *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir.2001). In fact, the district court did not address or rule upon the merits of the grounds for relief asserted by White in his petition. However, rather than remand this case to the district court for a *Slack* analysis, we

will review the district court's judgment since a plain procedural bar is present on the face of the petition.

We review de novo the district court's disposition of a habeas corpus petition. *Payton v. Brigano*, 256 F.3d 405, 407–08 (6th Cir.2001).

A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under § 2254(a). *Maleng*, 490 U.S. at 492, 109 S.Ct. 1923.

A petitioner satisfies the "in custody" requirement by directly attacking a sentence that he is currently serving. *Lackawanna*, 532 U.S. at 401–02, 121 S.Ct. 1567. However, when a petitioner's current sentence has been enhanced by a prior conviction, for which the sentence imposed has completely expired, the petitioner may not attack the prior conviction indirectly through an attack upon his current sentence if the prior conviction is no longer subject to challenge of its own accord. *Id.* at 403–04, 121 S.Ct. 1567.

Upon review, we conclude that the district court properly dismissed White's habeas corpus petition for lack of jurisdiction. White may not directly attack his 1991 convictions for fraud and assault through the instant petition because he is

no longer "in custody" pursuant to those convictions, whose sentences have expired. *See* 28 U.S.C. § 2254(a); *Lackawanna,* 532 U.S. at 401, 121 S.Ct. 1567; *see also Steverson v. Summers,* 258 F.3d 520, 523 (6th Cir.2001). Furthermore, even if White's petition is construed as an attack upon his current sentence, which was enhanced by his prior 1991 convictions, he may not collaterally attack his 1991 convictions because those convictions are conclusively valid and are no longer subject to challenge in their own right. *See Lackawanna,* 532 U.S. at 403–04, 121 S.Ct. 1567; *see also Steverson,* 258 F.3d at 523–24. Thus, White may not use the instant § 2254 petition as a vehicle to challenge his 1991 convictions, for which the sentences have fully expired.

There are two possible exceptions to the general rule espoused in *Lackawanna;* however, White does not fall within either exception. First, White's 1991 convictions were not obtained in the absence of counsel, as White was represented by counsel during the 1991 plea proceedings. *See Lackawanna,* 532 U.S. at 404, 121 S.Ct. 1567. Second, White had an available forum for review of the prior convictions, of which he availed himself, in that he sought post-conviction relief. *See id.* at 405–06, 121 S.Ct. 1567.

Accordingly, the motion to remand is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.