**Brenda CUMMINGS, Petitioner–Appellant,**

v.

**Joan YUKINS, Respondent–Appellee.**

No. 02–1380.

United States Court of Appeals, Sixth Circuit.

March 21, 2003.

Before MERRITT and BATCHELDER, Circuit Judges; and DUPLANTIER,* District Judge.

---

*ORDER*

Brenda Cummings, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cummings was convicted of second-degree murder and second-degree child abuse following a jury trial in the Mason County Circuit Court in 1995. She was sentenced to concurrent terms of 15 to 30 years imprisonment and two years and eight months to four years imprisonment, respectively.

Cummings filed an appeal with the Michigan Court of Appeals, which affirmed her conviction and sentence. Cummings filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. Cummings did not seek collateral review of her conviction in state court.

Cummings filed the instant petition for a writ of habeas corpus on August 31, 2001. The respondent filed a motion to dismiss the petition for failure to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Cummings filed a reply to the motion, asserting that the limitations period should be equitably tolled under the standard set forth in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir.2001). The district court agreed with the respondent and dismissed the habeas petition as untimely on February 20, 2002.

On April 4, 2002, the district court issued a certificate of appealability under 28 U.S.C. § 2253(c)(2) because Cummings had made a substantial showing of the denial of a constitutional right as to three specified issues. Because the district court granted a certificate of appealability without considering whether reasonable jurists would find it debatable whether it was correct in its procedural ruling, *i.e.*, that the petition was untimely filed, *see Slack v. McDaniel*, 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), this court remanded the case to the district court for it to reconsider its April 4, 2002, certificate of appealability order.

On remand, the district court again concluded that jurists of reason could find it debatable whether Cummings stated a val-

---

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

id claim concerning the denial of a constitutional right as to each of the three claims raised in her habeas petition. Additionally, the court found that jurists of reason could find debatable whether the habeas petition was untimely filed under the statute of limitations set forth in § 2244(d) and not subject to equitable tolling of the one-year period. Accordingly, the court granted a certificate of appealability.

■ Generally, we review de novo the dismissal of a petition for habeas corpus relief. *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994); *Carter v. Sowders,* 5 F.3d 975, 978 (6th Cir.1993). The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case because it was filed after April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). After that time, a one-year statute of applications applies to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). It is undisputed that Cummings' habeas petition is untimely. Nevertheless, Cummings asserts that the limitations period should be equitably tolled because the attorney she retained to conduct a review and analysis failed to proceed on her behalf before the expiration of the one-year period and because she is untrained in the law.

In deciding whether the statute of limitations set forth in § 2244(d) should be tolled due to equitable considerations, we consider the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the *filing* requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement. *Dunlap v. United States,* 250 F.3d at 1008. We have repeatedly cautioned that equitable tolling relief should only be sparingly granted.

*See, e.g., id.* at 1008–09. The five factors are not comprehensive, nor is each of the factors relevant in all cases. *See Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir. 2000). The fourth factor, absence of prejudice to the respondent, is only considered once the petitioner has made an adequate showing under the other factors; it is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009. Considering these factors, we conclude that equitable tolling is not warranted here.

First, there is no evidence that Cummings was not aware of the filing deadline. Thus, the first factor cannot weigh in her favor. The record further indicates that Mr. Larry Sherk, writing on behalf of Cummings to the Attorney Grievance Commission in June 2000, was fully aware of the filing deadline: "Whenever I reached him by telephone, he was aware that [Cummings'] deadline for *habeas corpus* was 28 December 1999, and told me he would be able to work on this problem soon." (*See* J.A. at 35.) This evidence makes clear that Cummings was constructively aware of the filing deadline. Thus, the second factor weighs heavily against Cummings. The third factor, petitioner's diligence in pursuing her rights, likewise weighs against Cummings. The evidence indicates that the retained attorney had only agreed to review the materials and had never finally undertaken to file a petition. Under the circumstances, with a known deadline looming and having retained an persistently unresponsive and ultimately unreachable attorney who, in any event, had never even agreed to file a petition on her behalf, Cummings did not demonstrate the kind of diligence in pursuing her rights that warrants tolling the statute of limitations. Indeed, it was only when she filed her petition, approximately

a year-and-a-half after the deadline, that she requested tolling. The fifth factor is of course irrelevant, as we have already stated that Cummings was aware of the filing deadline long before it came.

Given that Cummings was aware of the filing deadline well before the deadline and the fact that Cummings has not shown that she exercised particular diligence in pursuing her rights once she realized the deadline had passed and her attorney could not be found, we find it inappropriate to exercise our equitable powers and toll the statute of limitations in this case.

■ Having affirmed the district court's dismissal on procedural grounds, we need not address the issue of the underlying merits of Cummings' original § 2254 petition. The district court dismissed the § 2254 petition without addressing the merits of those claims. Moreover, it appears the district improperly granted a "blanket" certificate of appealability as to the merits of claims asserted in the original § 2254 petition, rather than addressing the claims individually. *See Porterfield v. Bell,* 258 F.3d 484, 487 (6th Cir.2001) (holding that district courts should not issue blanket grants of certification and should instead treat each claim individually).

The district court's judgment is AFFIRMED. Rule 34(j)(2)(C), Rules of the Sixth Circuit.