**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0858n.06**
**Filed: October 18, 2005**

**No. 04-2552**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DAVID BRADLEY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| THOMAS BIRKETT, Warden, | ) | District of Michigan |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

Before:     BOGGS, Chief Judge; and NORRIS and COOK, Circuit Judges.

PER CURIAM. David Bradley, a Michigan state prisoner, appeals the denial of his petition for writ of habeas corpus by the district court. The district court granted a certificate of appealability ("COA") as to all of the issues raised in Bradley's habeas petition. The State of Michigan, representing respondent Thomas Birkett, argues that the COA was improvidently granted and asks this court to vacate the COA and remand the case to the district court with directions that it comply with the requirements of *Slack v. McDaniel*, 529 U.S. 473 (2000), and *Miller-El v. Cockrell*, 537 U.S. 322 (2003). For the reasons given below, we vacate the COA and remand to the district court so that, in determining whether and to what extent to grant a COA, it will make an individualized assessment as to each of Bradley's claims according to the standard set forth in 28 U.S.C. § 2253(c), *Slack*, and *Miller-El*.

No. 04-2552
Bradley v. Birkett

As the Supreme Court has stated, "Congress mandates that a prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, petitioner must first seek and obtain a COA." *Miller-El*, 537 U.S. at 327. The relevant statutory provisions are codified at 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Subsection (c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>    (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

The Supreme Court elaborated on the requirements of 28 U.S.C. § 2253(c) in *Slack*, 529 U.S. 473. It declared that the substantial showing of a constitutional right that a habeas prisoner must make under § 2253(c) to obtain a COA "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 483-84 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The *Slack* Court held that "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable

- 2 -

No. 04-2552
Bradley v. Birkett

jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id*. at 484. When the district court denies a habeas petition on procedural grounds without reaching

the prisoner's underlying constitutional claim, however,

> a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Ibid*.

The Supreme Court reiterated and elaborated on the *Slack* standard for meeting § 2253(c)'s

"substantial showing" requirement in *Miller-El*, a case in which it reversed the denial of a COA.

537 U.S. at 326-27, 335-38, 342. In *Miller-El*, the Court emphasized that while it reversed the

denial of a COA in that case, its holding in *Slack*

> should not be misconstrued as directing that a COA must always issue. Statutes such as AEDPA have placed more, rather than fewer, restrictions on the power of federal courts to grant writs of habeas corpus to state prisoners. . . . By enacting AEDPA, using the specific standards the Court had elaborated earlier for the threshold test, Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not. It follows that issuance of a COA must not be *pro forma* or a matter of course.

537 U.S. at 337. For a recent application by the Supreme Court of the *Slack/Miller-El* standard, see

*Tennard v. Dretke*, 542 U.S. 274 (2004).

In our case, having denied Bradley's habeas petition, the district court certified for appeal

all twelve of the issues Bradley presented in his petition. The district court provided the following

explanation:

> Although the Court's ego tells it that all reasonable jurists would agree with its resolution of the issues presented by Petitioner, the Court's experience is to the

- 3 -

contrary. Thus, the Court's belief in the correctness of its decision should not insulate that decision from further review. *See, e.g., Taylor v. Howes,* 26 Fed. Appx. 397, 399 (6th Cir. 2001). Because the Court is not infallible and does not believe that its decision should be insulated from further review, the Court finds that reasonable jurists could find it debatable whether Petitioner has made a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

Accordingly, the Court **GRANTS** Petitioner a Certificate of Appealability pursuant to 28 U.S.C. § 2253 and certifies the following issues for appeal: . . .

The district court thus based its decision not on an analysis of whether Bradley had made his required substantial showing of the denial of a constitutional right as to each of his various claims, but rather on the court's sense of its own fallibility, and its belief that "its decision should [not] be insulated from further review."

In *Porterfield v. Bell*, 258 F.3d 484 (6th Cir. 2001), this court vacated a COA that the district court had granted as to all issues without individualized analysis. We remanded to the district court in order for it "to engage in the reasoned assessment of each . . . claim as required by *Slack*." *Id*. at 487; s*ee also id.* at 485. We noted in *Porterfield* that both blanket grants as to all issues and blanket denials "undermine the gate keeping function of certificates of appealability, which ideally should separate the constitutional claims that merit the close attention of counsel and this court from those claims that have little or no viability." *Id*. at 487. We added that "because the district court is already deeply familiar with the claims raised by petitioner, it is in a far better position from an institutional perspective than this court to determine which claims should be certified for appeal." *Ibid*.

This court pointed out in *Porterfield* that

Under normal circumstances, considerations of judicial economy will discourage review of certificates of appealability: the district court will have already invested

> substantial time in the certification process; the parties may have already briefed the merits of the claims; and review by this court would not only duplicate the district court's efforts, in capital cases such as the one *sub judice*, it will further delay an already lengthy process.

258 F.3d at 485. Because in that case the parties had not yet submitted briefs on the merits (the State had filed a motion to dismiss a number of claims that had been certified as appealable), and because the district court had not engaged in an individualized assessment of the claims, this court remanded. *Id*. at 485.

In *Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003), like *Porterfield* a capital case, we faced a blanket grant by the district court that the district court had explained as follows:

> Until such time as such precedent is submitted to me, and, is shown to be applicable to a case at hand, I expect that I shall, as I did in this case, grant certificates of appealability in capital habeas cases as a matter of routine.
> Others may view this as an abdication of responsibility; it is, rather, a manifestation of the possibility of my own fallibility, and concern that I may have erred. I do not believe that I have erred–but doubt that I have, no matter how strongly felt, is not certainty that I have not.

*Id*. at 788. We stated in *Frazier* that the district court's blanket grant as explained "has hindered our consideration of this appeal," and declared that the district court's "rationale is contrary to our decision in *Porterfield*." *Ibid*. *Porterfield*, we emphasized, noted that "such a blanket grant conformed to neither the commands of 28 U.S.C. § 2253(c) . . . nor the Supreme Court's construction of the statute in *Slack*." *Ibid*. This court underscored that "[t]he language of § 2253(c) is mandatory. It was therefore error for the district court to issue a blanket certificate of appealability without any analysis." *Ibid*.

However, because the district court had rendered its opinion before this court's opinion in *Porterfield*, and moreover, because both parties had already briefed the merits of Frazier's claims, this court excused "the procedural error of the district court" and declined to remand. *Frazier*, 343 F.3d at 788. Nevertheless, we took the opportunity to reiterate the mandatory language of 28 U.S.C. § 2253(c). *Id*. at 788-89.

It is clear that, as in *Porterfield* and *Frazier*, the district court here committed error. It granted a COA as to all of Bradley's claims without individualized analysis, explained only by an expression of the district court's awareness of its own fallibility, thus manifestly failing to follow the requirements set forth in 28 U.S.C. § 2253, *Slack*, and *Miller-El*.

We must therefore determine whether to excuse the error or vacate and remand to the district court for a proper analysis, under 28 U.S.C. § 2253(c), *Slack*, and *Miller-El*, of the appealability of each of Bradley's claims. In this case, the parties have submitted briefs on the merits of Bradley's claims (the State, representing the warden, challenged the COA in its merits brief, rather than in an earlier motion, and in that brief and at oral argument requested that we vacate the COA and remand). Although this is not a capital case, a remand would still cause delay in an already lengthy process. Thus there are significant considerations of judicial economy here. Yet those considerations comprise only one of the factors set out in *Porterfield* to guide our determination whether to review a COA. The district court did not invest substantial time in the certification process, and, as described above, committed error by failing to analyze the appealability of each of Bradley's claims according to the standard mandated by statute and Supreme Court precedent.

We also note that we have found it necessary on a number of occasions to point out that this district court had improperly granted a COA. In *Brown v. Cason*, No. 04-1696, slip op. at 2 (6th Cir. June 13, 2005), we stated that this district court's grant of a COA, explained by language almost identical to that used in the instant case, did not comply with the requirements of *Slack*. We commented that "the district court did not address or rule upon the merits of the six grounds for relief asserted by Brown in his habeas corpus petition." *Ibid*. We declined to remand for a *Slack* analysis, however, because the statute of limitations was a plain procedural bar that was present on the face of the petition. *Ibid*. In *Pearson v. Jackson*, No. 03-1485, slip op. at 1-2 (6th Cir. April 13, 2004), we vacated this district court's order granting a COA and remanded to the district court in order for it to apply the *Slack* standard properly. In *Cummings v. Yukins*, 61 Fed. App'x 188, 189-90, 191 (6th Cir. 2003), after having already remanded once, we noted that this district court, contrary to our ruling in *Porterfield*, had not addressed the petitioner's claims individually, but we nonetheless affirmed the district court's judgment. In both *White v. Kapture*, 42 Fed. App'x 672, 673 (6th Cir. 2002), and *Channels v. McLemore*, 34 Fed. App'x 153, 154 (6th Cir. 2002), we drew attention to this district court's failure to perform the *Slack* analysis. Yet in each case we declined to remand because a plain procedural bar was present on the face of the petition. *White*, 42 Fed. App'x at 673; *Channels*, 34 Fed. App'x at 154.

Under these circumstances, we vacate the certificate of appealability granted by the district court in this case and remand to the district court, directing it to make a reasoned assessment of each of Bradley's claims as required by 28 U.S.C. § 2553, *Slack*, *Miller-El*, *Porterfield*, and *Frazier*. We

No. 04-2552
Bradley v. Birkett

expect the district court to comply fully with the prescriptions established by statute, Supreme Court

precedent, and our own precedent.