FILED
United States Court of Appeals
Tenth Circuit

May 4, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JEREMY PENA,

      Defendant - Appellant.

No. 16-6340
(D.C. Nos. 5:16-CV-00490-F
& 5:13-CR-00189-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Mr. Jeremy Pena was sentenced to 125 months for distributing methamphetamine. In sentencing Mr. Pena, the court applied § 4B1.1 of the U.S. Sentencing Guidelines, characterizing a prior crime as a crime of violence based on § 4B1.2(a)'s residual clause.[1] Mr. Pena did not appeal, but he moved under 28 U.S.C. § 2255 to vacate, set aside, or correct the

_____

[*]     Because oral argument would not materially aid our decision-making, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[1]     This residual clause has since been deleted from the guidelines.

sentence. The district court dismissed the motion and denied a certificate of appealability.

Mr. Pena sought a certificate of appealability from our court so that he could appeal the district court's decision. At the time, our precedent treated § 4B1.2(a)'s residual clause as unconstitutionally vague. *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015). Based on this precedent, a member of this panel granted a certificate of appealability. But three days later, the U.S. Supreme Court overruled our precedent in *Beckles v. United States*, rejecting a vagueness challenge to § 4B1.2(a)'s residual clause. 137 S. Ct. 886, 895 (2017). Based on *Beckles*, the government seeks revocation of the certificate of appealability and dismissal of the appeal.

The Court ordered Mr. Pena to respond, and he has not complied. With the prior issuance of a certificate of appealability, we have jurisdiction to decide this appeal on the merits. *See Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001) (stating that the court of appeals obtains jurisdiction even when a certificate of appealability is improvidently granted). Because the underlying claim was potentially meritorious when the certificate of appealability was granted, we decline to revoke the certificate. *See United States v. Marcello*, 212 F.3d 1005, 1007-08 (7th Cir. 2000) (stating that the appeals court will only rarely review the issuance of a certificate of appealability, rather than go straight to the merits, to avoid

2

unnecessary complexity in appeals involving collateral attacks). Nonetheless, we agree with the government that *Beckles* precludes relief on Mr. Pena's claim under § 2255. As a result, we summarily affirm the sentence.[2]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[2]     We grant Mr. Pena's motion for leave to proceed in forma pauperis.