**Eddie OWENS, Petitioner–Appellant,**

v.

**Wayne STINE, Respondent–Appellee.**

No. 01–1200.

United States Court of Appeals, Sixth Circuit.

Oct. 2, 2001.

**352**

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

### ORDER

Eddie Owens, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 5, 1990, Owens, sixteen years old at the time of the offense, pleaded guilty to one count of armed robbery and one count of unarmed robbery. On November 28, 1990, Owens was sentenced as a juvenile offender by being placed on juvenile probation and being committed to the Michigan Department of Social Services until his twenty-first birthday. After violating the terms of his probation, Owens was sentenced as an adult on May 26, 1993, to concurrent terms of two to twenty years imprisonment on the armed robbery conviction and two to fifteen years imprisonment on the unarmed robbery conviction.

Owens did not file a direct appeal to the Michigan Court of Appeals or the Michigan Supreme Court. However, on November 7, 1997, Owens, with the assistance of court-appointed counsel, filed a post-conviction motion for relief from judgment, which was denied by the trial court on August 13, 1998. After the Michigan Court of Appeals denied leave to appeal, the post-conviction relief process ended for Owens on November 29, 1999, when the

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

Michigan Supreme Court denied leave to appeal. Thereafter, on December 6, 1999, Owens filed his habeas petition. The district court dismissed the habeas petition as untimely pursuant to 28 U.S.C. § 2244(d)(1), and granted Owens a certificate of appealability.

Upon review, we conclude that the district court properly dismissed Owens's habeas petition as barred by the applicable statute of limitations. This court reviews a district court's disposition of a habeas corpus petition de novo. *See Harris v. Stovall*, 212 F.3d 940, 941 (6th Cir.2000), *cert. denied*, 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001). The Antiterrorism and Effective Death Penalty Act states that a "1 year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, one of which is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is tolled, however, during the pendency of any properly filed post-conviction proceedings. *See* 28 U.S.C. § 2244(d)(2). Because Owens's state court proceedings were completed prior to the effective date of the AEDPA, Owens had until April 24, 1997, to timely file a petition for a writ of habeas corpus with the district court unless the limitations period was somehow tolled.

■ In this case, Owens filed a post-conviction motion for relief from judgment on November 7, 1997. While § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute, Owens's post-conviction was filed over six months after the one year grace period for filing the petition for a writ of habeas corpus had ended. Owen's motion for post-conviction relief would not extend the AEDPA's one year limitations period because his state motion was filed after the AEDPA's limitations period had expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).

■ Owens argues that, even if his habeas petition is untimely, the statute of limitations should be equitably tolled. The standard to be applied to determine whether equitable tolling of a limitations period is appropriate is this court's five part test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988). *See Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir.2001). The court must consider the following factors: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008 (citing *Andrews*, 851 F.2d at 150). Considering these factors, we conclude that Owens has failed to meet his burden of proof.

■ Finally, Owens asserts that application of the statute of limitations would result in a miscarriage of justice because he is actually innocent of his crimes. A fundamental miscarriage of justice occurs when the petitioner submits new evidence showing that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 326–30, 115 S.Ct. 851,

130 L.Ed.2d 808 (1995). Even if the § 2244 statute of limitations can be excused because of Owens's actual innocence, Owens has not submitted any new evidence demonstrating his innocence of his convictions. Therefore, the application of the statute of limitations does not result in a miscarriage of justice.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.