**Phillip TOWNSEND, Petitioner–Appellant,**

v.

**Blaine LAFLER, Respondent–Appellee.**

No. 02–2151.

United States Court of Appeals, Sixth Circuit.

May 14, 2004.

Phillip Townsend, Freeland, MI, for Petitioner–Appellant.

Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondents–Appellees.

Before SUHRHEINRICH, GIBBONS and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.

The district court dismissed Phillip Townsend's habeas corpus petition because he filed it after the expiration of the one-year statute of limitations under the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA) § 101, 28 U.S.C. § 2244(d). On appeal, Townsend urges us to construe AEDPA to toll the statute of limitations for claims premised on the "actual innocence" of the petitioner. Because Townsend has not presented a plausible claim of "actual innocence," we reject his claim and save for another day the answer to the question he invites us to consider.

## I.

### A.

In 1993, Phillip Townsend and at least two others fired several bullets into an occupied car in retaliation for an earlier assault on Townsend's friend. No one was killed, but one occupant of the car, Nathan Ivory, suffered gunshot wounds.

In 1994, a Michigan jury convicted Townsend of aggravated assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm while committing a felony. *id.* § 750.227b. Townsend pleaded guilty to a separate charge of being an habitual offender. *Id.* § 769.12.

In 1996, the Michigan Court of Appeals affirmed each conviction. *People v. Townsend,* No. 173432, 1996 WL 33347629 (Mich.Ct.App. Dec.13, 1996). And in 1997, the Michigan Supreme Court rejected Townsend's untimely application for leave to appeal.

On February 7, 2000, Townsend filed a motion for post-conviction relief in Michigan state court, alleging that someone else shot Nathan Ivory and claiming that two affidavits supported his theory. Townsend produced the affidavit of William Townsend (of unknown relation to petitioner) who stated that another individual shot Ivory. The second affidavit (from Belinda Irvine) presumably would have provided similar information, but nothing in the record indicates that it was ever filed. In his motion, Townsend also raised a *Brady* claim based on an undisclosed police report that purportedly undermined the prosecution's theory of motive in the case. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The state trial court denied Townsend's motion on May 30, 2000. The Michigan Court of Appeals denied leave to appeal on March 13, 2001, and the Michigan Supreme Court followed suit on July 31, 2001.

### B.

On November 30, 2001, Townsend filed a petition for habeas corpus in federal district court, claiming that three pieces of evidence—the two affidavits and the police report—proved his innocence. In response, the State filed a motion for summary judgment, contending that Townsend had failed to meet the one-year statute of limitations for filing such claims. *See* 28 U.S.C. § 2244(d).

The district court held that the statute of limitations expired on February 7, 1998—one year after the time given under Michigan law for Townsend to seek direct review of his conviction with the Michigan Supreme Court. *See id.* § 2244(d)(1)(A). Acknowledging that a state post-conviction

relief motion may toll the statute of limitations. *see id.* § 2244(d)(2), the court held that such motions do not *reset* the statute of limitations, which had already expired two years before Townsend filed his state-court motion. D. Ct. Op. at 5–6. Because Townsend failed to show he had exercised due diligence in finding this new evidence, the court also found that § 2244(d)(1)(D) did not excuse his delay in filing the habeas petition. *Id.* at 8–9.

The district court refused to consider whether AEDPA should be read to include an "actual innocence" exception for the one-year statute of limitations. Even if believed, the district court observed, Townsend's new evidence did not undermine the validity of his conviction. At best, the affidavit evidence and police report indicated that Townsend did not fire the bullets that hit the victim. Because the jury convicted Townsend of assault, the question whether the bullets fired by Townsend hit the victim did not affect his conviction.

## II.

Under 28 U.S.C. § 2244(d)(1), the one-year statute of limitations "shall run from the latest of":

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

We review the district court's interpretation of this provision de novo. *See Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir.2002).

 Townsend, as an initial matter, may not seek refuge in § 2244(d)(1)(D) for the late filing of his petition. Under that subsection, the one-year period begins to run when the inmate "could have [ ] discovered [the factual predicate of his claim] through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care. *See Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir.2000); *cf. Lott v. Coyle,* 261 F.3d 594, 605 (6th Cir.2001) (habeas petitioner seeking an evidentiary hearing must show "why that information could not have been previously discovered through the exercise of due diligence"). Habeas claimants invoking this provision shoulder the burden of proving that they exercised due diligence. *Cf. id.*

In this instance, Townsend filed his federal petition on November 30, 2001, while the one-year period of limitations ended on February 7, 1998. Townsend has done little to show how he exercised due diligence in obtaining the three new pieces of evidence. As to the affidavit of William Townsend, the only information we have on this score is the date the affidavit was notarized—February 2, 2000. That date is not only more than nine months before the filing of the petition, but it also tells the reader merely when the notary signed the affidavit, not when William Townsend made the statement and not what petitioner did to obtain the affidavit earlier. The

contents of the affidavit compound the problem, as they indicate that William Townsend said he heard the confession of the shooter in June or July of 1996—three and one-half years before Townsend filed his post-conviction relief motion.

As to the affidavit of Belinda Irvine, we have even less to go on. Townsend still has not produced the document, much less offered an argument that he obtained her statement through the exercise of due diligence.

A similar conclusion applies to the police report and the *Brady* claim that it ostensibly supports. Far from contending that he requested information that the prosecution refused to turn over, he acknowledges that "[a]fter defendant['s] right to Appeal was denied, he received *all discovery materials[ ] from Appellant'[s] Counsel.*" at which point he discovered the police report. Mot. for New Trial at 2 (emphasis added). Instead of suggesting that the prosecution suppressed the report, this statement shows that Townsend's lawyer was fully aware of the report but failed to give it to Townsend earlier. The police report does not constitute "new" evidence and does not support a tolling of the limitations period under § 2244(d)(1)(D).

■ That brings us to Townsend's second argument on appeal, namely that we should infer an additional ground for tolling the limitations period—lately-discovered evidence of the inmate's factual innocence of the crime—on top of the four grounds specifically listed in § 2244(d)(1). In his pro se brief, Townsend neglects to spell out whether his claim turns on a proper reading of the statute or is compelled by the Constitution. Although several panels of this Court have been asked to address similar arguments (some in statutory-interpretation settings, some in constitutional-interpretation settings), we have never decided whether an actual innocence exception exists to toll the habeas statute of limitations because no prisoner to date has raised a factually plausible claim of "actual innocence." *See Allen v. Yukins,* 366 F.3d 396 (6th Cir.2004) (refusing to consider an exception to the statute of limitations "[b]ecause the [evidence is] legally insufficient to establish that [petitioner] is actually innocent of the assault charge"); *Whalen v. Randle,* 37 Fed.Appx. 113 (6th Cir.2002); *Channels v. McLemore,* 34 Fed.Appx. 153 (6th Cir.2002); *Owens v. Stine,* 27 Fed.Appx. 351 (6th Cir.2001).

Like these panels before us, we need not address Townsend's argument because he has not presented a plausible claim of actual innocence. In assessing such claims, we ask whether the claimant can prove "that no reasonable juror would have found [him] guilty." *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Townsend has not satisfied that daunting burden of proof.

According to William Townsend's affidavit, a man named Deandre Hobert claimed that "he [ ] was the shooter, meaning Phillip Townsend didn't do the crime he was sentenced for." Townsend Aff. Even though he heard this confession in "June or July of 1996," *id.,* William Townsend did not tell anyone because he "thought it was too late, plus [he] didn't know who to tell nor did [he] think anyone would believe [him]," *id.* The central flaw in relying on this affidavit is that the jury did not convict Phillip Townsend of shooting someone but of *assault* with intent to commit murder, a crime that does not require an injury to the victim. *See People v. Lowery,* 258 Mich.App. 167, 673 N.W.2d 107, 111 (2003). Hobert's confession to William Townsend, even if truthful, thus does not disprove that Townsend fired a weapon at Ivory with the intent to commit murder.

Because Townsend never produced the affidavit from Belinda Irvine, he is in no position to claim it supports his habeas petition. But even assuming that she would give the same testimony as William Townsend (which seems likely given petitioner's account of it), her statements would add nothing to Townsend's claim of actual innocence.

The police report also fails to establish actual innocence. According to Townsend, the prosecution's motive theory centered on gang retaliation—that Townsend shot Nathan Ivory because he believed Ivory shot Townsend's friend "Eight Ball." And according to Townsend, the police report indicates that Eight Ball identified Todd Dunham, not Nathan Ivory, as the shooter. If both points are true, Townsend urges, the retaliation theory necessarily falls apart because the evidence shows that Townsend attempted to shoot Ivory, not Dunham.

The police report does not bear the weight Townsend places on it. Even if one disregards the motive theory entirely, that leaves eyewitness testimony that Townsend "pointed his gun at the driver's side window and fired at least three times." *Townsend*, 1996 WL 33347629, at *1. Whether the shooting involved retaliation or not, the police report does nothing to refute the undisputed evidence that Townsend fired several shots into Ivory's car. Even on its own terms, moreover, the police report does little to advance Townsend's theory. The report acknowledges the friendship between Todd Dunham (the man whom Eight Ball identified as his shooter) and Nathan Ivory (Townsend's victim) and acknowledges that both men were present on the night Eight Ball was shot. And it notes that one witness saw Ivory carrying a gun and watched both men run from the scene after shooting Eight Ball; it says that the men hid at Ivory's house and that Dunham gave a statement to police denying that he shot Eight Ball. Instead of undermining the prosecution's theory of the case, the police report links Townsend's victim (Ivory) to the earlier shooting and fairly supports the conclusion that Townsend was retaliating against someone involved in the earlier shooting. Under these circumstances, Townsend's new evidence does not establish that "no reasonable juror would have found [him] guilty." *Schlup*, 513 U.S. at 329, 115 S.Ct. 851.

### III.

For the foregoing reasons, we affirm.