**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELLIOT LAMONT ROGERS, | No. 09-16759 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-01395-DAD |
| v. | |
| MARK SHEPHERD, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Magistrate Judge, Presiding

Submitted February 14, 2011[**]
San Francisco, California

Before: SCHROEDER, THOMAS, Circuit Judges, and BENNETT, District
Judge.[***]

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2).

[***]        The Honorable Mark W. Bennett, District Judge for the Northern District of Iowa, sitting by designation.

Petitioner-appellant Elliot Lamont Rogers appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his California state court conviction for second degree robbery with use of a firearm and being a felon in possession of a firearm for which he was sentenced to a prison term of 64 years to life. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review the district court's denial of the petition de novo. *Pinholster v. Ayers*, 590 F.3d 651, 662 (9th Cir. 2009).

Rogers's claims are the following: (1) his initial trial counsel rendered ineffective assistance by failing to call two witnesses at an evidentiary hearing on his motion to suppress; (2) his replacement trial counsel provided ineffective assistance by failing to renew Rogers's motion to dismiss at the close of trial; (3) his appellate counsel rendered ineffective assistance by failing to raise on direct appeal the ineffectiveness of Rogers's trial counsel; and (4) a comment by the prosecutor during closing arguments constituted prosecutorial misconduct. We affirm.

**1.** We will grant a § 2254 petition only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." 28 U.S.C. § 2254(d); *see Byrd v. Lewis,* 566 F.3d 855, 859 (9th Cir. 2009). The pertinent state court "decision" does not require a statement of reasons, an opinion, or a citation of Supreme Court cases. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Where, as here, the state court's decision is "unaccompanied by an explanation," Rogers must still meet his burden "by showing there was no reasonable basis for the state court to deny relief." *Id.* at 784. "This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.* Because Rogers asserts claims of ineffective assistance of counsel under the Sixth Amendment, "the relevant clearly established law derives from" *Strickland v. Washington*, 466 U.S. 668 (1984). *Premo v. Moore*, 131 S. Ct. 733, 737-38 (2011). *Strickland* requires proof of both deficient performance by counsel and prejudice to the petitioner. *Id.* at 739. However, on § 2254 review, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Richter*, 131 S. Ct. at 785. Where the federal court's review requires that the standards of *Strickland* and § 2254(d) be applied "in tandem," its review must be "doubly" deferential. *Id.* at 788.

3

**2.** Rogers argues that his initial trial counsel was ineffective in failing to call two witnesses to testify at an evidentiary hearing on a motion to suppress evidence seized during a warrantless search of his wife's apartment. The fighting issue at the suppression hearing was whether Rogers resided at the apartment. This is because no warrant was required, due to Rogers's parolee status, if the police had probable cause to believe Rogers was a resident of the apartment. *Motley v. Parks*, 432 F.3d 1072, 1080 (9th Cir. 2005) (en banc) ("[B]efore conducting a warrantless search pursuant to a parolee's parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched."). Rogers contends that, had his counsel called two witnesses, his wife and the apartment manager, it is more probable than not that the search could not have been justified as a parole search and the trial court would have granted his motion to suppress evidence seized from the apartment. Rogers further argues that if the trial court had granted the motion to suppress, a reasonable probability exists that the outcome of the trial would have been different. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the

4

verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.").

The California Supreme Court was not objectively unreasonable in rejecting Rogers's claim of ineffective assistance against his initial trial counsel for failure to call the two witnesses at his suppression hearing. The state postconviction court reasonably could have determined that Rogers's initial trial counsel's performance was not deficient in deciding against calling either witness to testify at the suppression hearing. Rogers's initial trial counsel made the decision to not call Rogers's wife and instead to call Rogers's ex-wife. Rogers's ex-wife testified that Rogers was staying with her at her apartment "full time" because "he didn't have a place to stay." Rogers's ex-wife also testified that she had given him approximately $2,000 to purchase an automobile shortly before the date of the robbery. Rogers's initial trial counsel made his election to call Rogers's ex-wife and not call Rogers's wife after having spoken to Rogers's wife and with full knowledge of her anticipated testimony. Thus, Rogers's initial trial counsel had investigated the possibility of calling Rogers's wife to testify but apparently made a tactical decision not to do so, because he apparently believed she would not have provided credible or consistent testimony, and instead chose to rely on the ex-wife's testimony. Such a decision is "virtually unchallengeable." *Wiggins v.*

5

*Smith,* 539 U.S. 510, 521 (2003). Initial trial counsel's decision not to call Rogers's wife did not fall outside the wide range of reasonable professional conduct. Because both women would have testified to having given Rogers approximately $2,000 shortly before the robbery, counsel could rightly have been concerned that, were both women to testify at the suppression hearing, their testimony may have been viewed as fabricated or collusive. Moreover, Rogers's wife would have been subject to cross-examination regarding why, when initially contacted by law enforcement personnel, she readily admitted that Rogers was her husband but did not tell the contacting police officer that Rogers did not live with her at the apartment. She also would have been subject to questioning about a statement she made to a law enforcement officer on the day of the search that Rogers had been at her apartment with her children when she left for work that morning. In addition, Rogers's wife would have been open to questioning about why Rogers, if he was not a resident of the apartment, was listed on her rental application as one of its "proposed occupants."

Similarly, Rogers's initial trial counsel's decision not to call the apartment manager to testify at the suppression hearing was an apparent tactical decision which did not fall outside the wide range of reasonable professional conduct. Although the apartment manager would have testified that Rogers was not named

in the apartment's rental agreement as an occupant, she also would have testified that Rogers was listed as a proposed resident on the apartment's rental application and that she believed that Rogers was living with his wife in the apartment based on her contacts with Rogers's wife and telephone calls to the apartment.

Because we determine that Rogers's initial trial counsel's performance was not deficient, we do not reach *Strickland's* prejudice prong. *See, e.g., Butcher v. Marquez,* 758 F.2d 373, 377 (9th Cir. 1985).

3. Given that Rogers's claim of ineffective assistance of his initial trial counsel lacks merit, his replacement trial counsel and appellate counsel exercised reasonable judgment in declining to raise that claim as a basis for a renewed motion to dismiss or as an issue on direct appeal.

4. We affirm the district court's denial of Rogers's request for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). As discussed, Rogers has not "'alleged facts that, if proven, would entitle him to habeas relief.'" *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005) (quoting *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004)).

5. Rogers also argues that a single comment by the prosecutor during closing arguments constituted prosecutorial misconduct in violation of due process. "[T]he touchstone of due process analysis in cases of alleged prosecutorial

misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips,* 455 U.S. 209, 219 (1982). The conduct must be examined to determine "whether, considered in the context of the entire trial, that conduct appears likely to have affected the jury's discharge of its duty to judge the evidence fairly." *United States v. Simtob,* 901 F.2d 799, 806 (9th Cir. 1990). Here, the prosecutor made a single comment. He commented on his belief that, "I think the person who committed this robbery and I know the person who committed this robbers [sic] is sitting in the courtroom today." Defense counsel immediately objected to the comment and the trial court admonished the prosecutor to avoid such personal opinion commentaries. The prosecutor offered no further personal opinions about Rogers's guilt.

We acknowledge that the prosecutor's comment during closing arguments constituted prosecutorial misconduct. *See United States v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010). However, on a petition for a writ of habeas corpus, the standard of review for a claim of prosecutorial misconduct is "'the narrow one of due process, and not the broad exercise of supervisory power.'" *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 642 (1974)). "The relevant question is whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction

8

a denial of due process.'" *Id.* (quoting *Donnelly,* 416 U.S. at 643). We must defer to the California courts' conclusion that the prosecutor's single act of misconduct here did not so taint the trial as to violate due process, unless that conclusion was either contrary to or an objectively unreasonable application of clearly established federal law. We conclude it was neither. The prosecutor's improper comment here was an isolated incident in a lengthy trial and was immediately addressed by the trial court. Thus, the prosecutor's misconduct did not permeate the trial. In light of the evidence of Rogers's guilt, we conclude that the prosecutor's improper remark did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (quotation omitted); *see United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir. 2005) (holding prosecutor's single improper closing comment stating the government's belief that defendant committed the crime was harmless given the prosecutor's immediate rephrasing of statement upon defendant's objection and when viewed in the context of the trial as a whole); *Duckett v. Godinez,* 67 F.3d 734, 743 (9th Cir. 1995) (holding petitioner not entitled to habeas relief based on prosecutor's single improper comment).

AFFIRMED.

9