RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0216p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

FLOYD EARL RAYNER III,

          *Petitioner-Appellant,*

    *v.*

DAVID MILLS, Warden,

          *Respondent-Appellee.*

No. 10-5242

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:06-cv-1187—William J. Haynes, Jr., District Judge.

Decided and Filed: July 12, 2012

Before: COLE and STRANCH, Circuit Judges; CARR, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** C. Douglas Thoresen, Andrew Brandon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. Deshea Dulany Faughn, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

_____

**OPINION**

_____

CARR, District Judge. Petitioner Floyd Earl Rayner, III, appeals the district court's denial of his petition for habeas corpus. The district court granted a Certificate of Appealability to review Rayner's ineffective assistance of counsel claims and, finding them meritless, we AFFIRM the judgment of the district court.

_____

[*] The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

## I.  BACKGROUND

On January 10, 2001, a Tennessee jury convicted Rayner of five counts of rape of a child and five counts of aggravated sexual battery. (Memorandum, Dist Ct. Docket No. 90, at 2.)  The trial court sentenced petitioner to an effective term of fifty-one years in prison: twenty-one years for each rape of a child conviction, and nine years for each aggravated sexual battery conviction, with two of the rape counts and one of the sexual battery counts to run consecutively, and the remainder to run concurrently. (*Id.*)

In December 1999, Rayner's daughter reported to a family friend that she had been sexually abused. (*Id.* at 4.)  At trial, the victim testified that Rayner had touched her "private parts" with his hands and mouth, on more than one occasion. (*Id.*)  She also said that Rayner penetrated her anus with his penis. (*Id.*)  The victim testified that she asked Rayner to stop, because the act hurt her. (*Id.*)  The victim also testified that Rayner made her fondle his penis and perform oral sex. (*Id.*)  The victim stated that these acts occurred multiple times. (*Id.* at 4-5.)

At trial, the prosecution presented medical proof that the victim suffered from trichomoniasis, a sexually transmitted disease. (*Id.* at 5.)  No evidence was presented that Rayner had trichomoniasis. (*Id.* at 10.)  On cross-examination, defense counsel pointed out that trichomoniasis could be transmitted in ways not involving sexual contact. (*Id.*)  Defense counsel's strategy focused on the theory that the victim was lying about the abuse. (*Id.*)

Following his conviction, Rayner appealed to the Tennessee Court of Criminal Appeals, claiming the trial court breached its duty as a "thirteenth juror," failed to apply mitigating factors to Rayner's sentence, and erred in ordering consecutive service of some of his sentences. *State v. Rayner*, No. M2001-00971-CCA-R3-CD, 2002 WL 1336654, *1 (Tenn. Crim. App. June 19, 2002).  The appellate court affirmed Rayner's convictions, and denied review of the sentencing issues due to Rayner's failure to include the pre-sentence report in the record on appeal. *Id.* at *4.  The Tennessee Supreme Court denied his application for review. (Memorandum, Dist Ct. Docket No. 90, at 2).

On state collateral review, Rayner brought a claim for the ineffective assistance of counsel, alleging that his counsel failed to investigate the case properly, call co-workers and neighbors as witnesses, pursue a potential defense that Rayner did not have trichomoniasis, hire an investigator, and provide the pre-sentence report for his record on direct appeal. (*Id.* at 3.) The trial court denied the petition, and the Tennessee Court of Criminal Appeals affirmed. *Rayner v. State*, No. M2005-01672-CCA-R3-PC, 2006 WL 2000701, *2 (Tenn. Crim. App. July 19, 2006). The Tennessee Supreme Court denied his application for review. (Memorandum, Dist Ct. Docket No. 90, at 3.)

Rayner filed a petition for the writ of habeas corpus in the Eastern District of Tennessee, later transferred to the Middle District of Tennessee, advancing seven grounds for relief: prosecutorial misconduct, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, insufficiency of the evidence, actual innocence, trial court's failure to apply mitigating factors to his sentence, and that his sentence was unlawfully enhanced by facts not found by a jury. (*Id.* at 1.) After holding an evidentiary hearing, the district court denied Rayner's petition, but granted a Certificate of Appealability ("COA") on the ineffective assistance of counsel claims. (*See id.* at 24-25; Order, Dist. Ct. Docket No. 91.) Rayner timely appealed.[1]

## II. ANALYSIS

*A. Standard of Review*

In reviewing a decision denying habeas corpus relief, this Court reviews the district court's legal conclusions de novo, and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999). Rayner filed his habeas petition in November 2006, after the effective date of the Antiterrorism and Effective Death Penalty

---

[1]The State argues that the Certificate of Appealability was improvidently granted, and should be revoked by this Court. It is not necessary for this Court to consider the State's claim, as it should have raised this issue on a motion to dismiss. *See, e.g.*, *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001). In *Porterfield*, "considerations of judicial economy" did not discourage review of the COA, particularly as the district court had not considered the issue and the parties had yet to brief the merits of the case. *Id.* Such is not the case here, and as the issues have already been briefed and presented to this Court, we will not review the grant of the COA.

Act of 1996 ("AEDPA"), so AEDPA and the case law interpreting it govern this Court's review of Rayner's claims.  *See* 28 U.S.C. § 2254(d).

Before this Court may consider a claim for habeas relief on the merits, a petitioner must have "exhausted the remedies available in the courts of the State."  *Id.* § 2254(b)(1)(A).  Once a court finds that the petitioner has exhausted his claims, it proceeds to the merits of the claims.  Section 2254(d) imposes the following standard of review in a habeas case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*

Each of Rayner's claims asserts that he received ineffective assistance of counsel.  Under the familiar test from *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must satisfy two prongs—deficiency and prejudice—to succeed in an ineffective assistance claim.  In order to demonstrate deficiency, a petitioner must show his "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.

To demonstrate prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court has defined a "reasonable probability" as one that is "sufficient to undermine confidence in the outcome." *Id.*

The parties dispute whether a habeas court must afford AEDPA deference to a *Strickland* prong not reached by the state court when the state court denies a petitioner's ineffective assistance claim entirely on the other prong. In *Wiggins v. Smith*, the Supreme Court noted that its "review is not circumscribed by a state court conclusion with respect to prejudice, as neither of the state courts below reached this prong of the *Strickland* analysis." 539 U.S. 510, 534 (2003); *see also Rompilla v. Beard*, 545 U.S. 374, 390 (2005) (citing *Wiggins*, 539 U.S. at 534) (reviewing prejudice de novo when state courts denied claim entirely on deficiency); *Porter v. McCollum*, 130 S. Ct. 447, 452 (2009) (per curiam) (citing *Rompilla*, 545 U.S. at 390) (reviewing deficiency de novo when state court denied claim entirely on prejudice). The Supreme Court's more recent decision in *Harrington v. Richter*, 131 S. Ct. 770 (2011), addressed a different circumstance, a state court's summary dismissal of an ineffective assistance of counsel claim that did not address either *Strickland* prong. The Supreme Court explained the appropriate standard of review as follows:

> Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

*Id.* at 784.

There is little doubt that this language stands for the proposition that, when there is no explanation as to *either Strickland* prong, a habeas court must afford *both* prongs AEDPA deference after "determin[ing] what arguments or theories . . . could have supported [] the state court's decision." *Id.* at 786; *cf. Wogenstahl v. Mitchell*, 668 F.3d

307, 327 (6th Cir. 2012) (prosecutorial misconduct claim); *Sheppard v. Bagley*, 657 F.3d 338, 345 (6th Cir. 2011) (due process in sentencing claim).

*Harrington* does not specifically address the scenario where, as here, a state court's decision discusses one prong but not the other. We, and other circuits, have addressed that scenario in post-*Harrington* decisions. In at least two published opinions—one of which was decided en banc—where the state court adjudicated only one prong, we have continued to rely on *Wiggins* and have reviewed the remaining prong de novo.[2] *Davis v. Lafler*, 658 F.3d 525, 537 (6th Cir. 2011) (en banc); *Rice v. White*, 660 F.3d 242, 251 (6th Cir. 2011); *see also Brown v. McKee*, 460 F. App'x 567, 580 (6th Cir. 2012); *Davis*, 658 F.3d at 541 (Martin, J., concurring in part and dissenting in part). These decisions did not examine the interplay between *Wiggins* and *Harrington* nor specifically address the argument that tension may exist between the cases. However, an Eleventh Circuit opinion and a one-judge opinion in the Seventh Circuit have undertaken this analysis and both concluded that *Harrington* did not disturb *Wiggins*. *Ferrell v. Hall*, 640 F.3d 1199, 1224-27 (11th Cir. 2011); *Sussman v. Jenkins*, 642 F.3d 532, 534 (7th Cir. 2011) (Ripple, J.).[3] Fifth and Ninth Circuit cases have, like our own, continued to follow *Wiggins* or *Rompilla* without discussion. *Salts v. Epps*, 676 F.3d 468, 480 n.46 (5th Cir. 2012); *Detrich v. Ryan*, 677 F.3d 958, 983 (9th Cir. 2012); *Williams v. Cavazos*, 646 F.3d 626, 637 n.6 (9th Cir. 2011), *cert. granted on other grounds*, 132 S. Ct. 1088 (U.S. Jan. 13, 2012) (No. 11-465).

We see no reason to stray from the standard of review observed by our en banc Sixth Circuit in *Davis v. Lafler* and the other four circuits to encounter this issue: When a state court relied only on one *Strickland* prong to adjudicate an ineffective assistance of counsel claim, AEDPA deference does not apply to review of the *Strickland* prong not

---

[2]District courts within this Circuit have also continued to recognize the *Wiggins* rule in post-*Harrington* decisions. *E.g.*, *Jordan v. Sheets*, No. 2:10-CV-34, 2012 WL 553091, at *11 n.2 (S.D. Ohio Feb. 21, 2012); *Milstead v. Sherry*, 07-15332, 2011 WL 1883187, at *6 (E.D. Mich. May 17, 2011); *Bolden v. Rapelje*, No. 1:11-CV-310, 2011 WL 1666982, at *2 (W.D. Mich. May 3, 2011).

[3]The en banc Eleventh Circuit debated but did not decide this question. *Compare Childers v. Floyd*, 642 F.3d 953, 969 n.18 (11th Cir. 2011) (en banc) ("suggest[ing]" that *Harrington* "may" have overruled *Rompilla*, without deciding the issue), *with id.* at 985-87 (Wilson, J., concurring) (concluding that *Harrington* did not overturn *Wiggins* and *Rompilla*).

relied upon by the state court.  The unadjudicated prong is reviewed de novo.  A fuller examination supports this standard.

Let us begin with the *Harrington* situation, a state court decision without explanation.  A summary holding rejecting an ineffective assistance claim necessarily reveals that the state court relied on at least one *Strickland* prong but gives no indication as to whether the holding was based on deficiency or prejudice or both.  In such situations, it makes sense under *Harrington* for a habeas court to review both prongs pursuant to AEDPA to assure proper deference to the unspoken holding(s) actually relied upon by the state court.[4]  *See also Harrington*, 131 S. Ct. at 785 (dismissing the "pure speculation" that the state court members "may not have agreed on the reasons for denying his petition").  This contrasts with the situation in *Wiggins* in which the state court rendered a conclusion only on the deficiency prong.  Because a petitioner must satisfy both *Strickland* prongs in order to prevail, a court's dismissal of an ineffective assistance claim based solely on one prong says nothing about what the court thought about the other prong.  It would be inappropriate to presume the state court not only had a finding in mind as to the unexplained prong but that this finding was against the petitioner.[5]  *See Childers*, 642 F.3d at 986 ("Conversely [to *Harrington*], *Wiggins* and *Rompilla* were cases where the Court was not left to speculate as to what the state court had, and had not, adjudicated.").  Thus, in the situation where the state court adjudication relies upon only one prong, deference has no proper role in reviewing the remaining prong.

Review of *Harrington* supports our conclusion.  In that decision, the Supreme Court expressly limited application of its holding to cases in which the state court's

---

[4]Of course, a habeas court may decline to reach the second prong if it finds that the petitioner cannot succeed on the first prong.  *E.g.*, *Rogers v. Shepherd*, 438 F. App'x 546, 549 (9th Cir. 2011).

[5]This is particularly true when the court *assumes* a favorable showing on one prong when it is easier to dispose of the claim on the other because "[c]learly . . . the state court cannot both assume deficient performance and hold that counsel's performance was not deficient." *Sussman*, 642 F.3d at 534. However, we see no difference among decisions in which the court states it is "assuming" success on one prong with little or no discussion on the matter, *e.g.*, *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005), in which the court states it "need not determine" whether the petitioner can satisfy that prong, *e.g.*, *United States v. Wynn*, 663 F.3d 847, 852 (6th Cir. 2011), and in which the court does not address the other prong altogether, *e.g.*, *United States v. Holder*, 657 F.3d 322, 332 (6th Cir. 2011).

decision "is unaccompanied by an explanation." *Sussman*, 642 F.3d at 534 (quoting *Harrington*, 131 S. Ct. at 784). Moreover, "the Supreme Court in *Harrington* did not disturb its approach in *Wiggins*" and "[w]e certainly cannot assume that the Court overruled *sub silentio* its holding in *Wiggins*—a precedent so important to the daily work of the lower federal courts," *id.*, which the Supreme Court cited in *Harrington* "without the slightest hint of disapproval," *Childers*, 642 F.3d at 986-87, and has continued to rely upon in other decisions,[6] *e.g.*, *Cullen v. Pinholster*, 131 S. Ct. 1388, 1410 (2011) (citing *Rompilla*, 545 U.S. at 390).

Thus, we do not find *Harrington* and the Supreme Court's earlier decisions to be in conflict. The principle that "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated," *Harrington*, 131 S. Ct. at 784, does not necessarily mean that each "component" must itself be reviewed under the § 2254(d) standard in every situation. After all, both *Wiggins* and *Rompilla* recognized that the AEDPA standard applies to the "claim" of ineffective assistance of counsel before evaluating an unreviewed prong de novo. 539 U.S. at 519-20; 545 U.S. at 380; *see also Porter*, 130 S. Ct. at 452. The *Wiggins* and *Rompilla* line of cases work together with *Harrington* to ensure application of AEDPA to an entire ineffective assistance claim. In doing so, they mandate AEDPA deference to both prongs when the state court decision summarily dismisses the claim without explanation; when a state court decision relies only on one prong, the cases mandate AEDPA deference to that prong and de novo consideration of the unadjudicated prong. This is a "straightforward approach" that allows those Supreme Court decisions to "co-exist comfortably." *Childers*, 642 F.3d at 986. We hold this to be the proper framework and affirm the district court's denial of Rayner's habeas petition for the reasons provided below.

---

[6]If the *Harrington* Court intended to overrule prior decisions rather than merely explain how the law should apply in a new situation, "it surely would have said so directly, rather than act in such an ambiguous manner." *Carmell v. Texas*, 529 U.S. 513, 538 (2000); *see also Vance v. Terrazas*, 444 U.S. 252, 265 (1980).

*B. Rayner's Exhausted Claims*

It is undisputed that the Tennessee Court of Criminal Appeals applied the proper "clearly established federal law" for Rayner's claims; namely, the standard for ineffective assistance of counsel claims in *Strickland*. We examine each exhausted claim in turn.

*1. Counsel's Failure to Test Rayner for Trichomoniasis*

Rayner alleges his trial counsel was ineffective for failing to test Rayner for trichomoniasis and present those results to the jury. He also alleges, more generally, that his lawyer failed adequately to present information about trichomoniasis in support of his defense that if he did not have trichomoniasis, he could not be guilty of the sexual assaults on the victim. The Tennessee Court of Criminal Appeals ruled that this did not constitute deficient performance on the part of Rayner's counsel:

> The petitioner's second complaint concerns counsel's failure to pursue a defense centering on the petitioner testing negatively for sexually transmitted diseases. The post-conviction court found that the jury was aware that the victim was suffering from trichomoniasis, but the petitioner was not. The court noted that counsel investigated the defense and determined that "it would not be a viable defense based on the fact that the petitioner could have been an active carrier at the time of the offense despite not being infected at the time he was tested." At the post-conviction hearing, counsel testified that because the petitioner had not been specifically tested for trichomoniasis, the petitioner was not exonerated as the perpetrator. Therefore, we cannot fault counsel for choosing a different tactic for defense. We conclude that the petitioner has failed to prove ineffective assistance as to these claims.

*Rayner*, 2006 WL 2000701 at *5 (internal citations omitted).

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. The Supreme Court went on to note that in evaluating counsel's decisions whether to investigate, a court must "apply[] a heavy measure of deference to counsel's judgments." *Id.* The state court determined that it was reasonable for counsel to make a strategic decision not to pursue the medical defense, given the inconclusive nature of any results

that would be produced from testing Rayner so long after the alleged offenses. *Rayner*, 2006 WL 2000701 at *5. The district court found that the state court's determination on this claim was a reasonable application of federal law. (Memorandum, Dist Ct. Docket No. 90, at 15-16.)

Rayner's arguments that this was an unreasonable application of the *Strickland* standard are unavailing. Rayner disagrees with the finding of the state and district courts that the jury knew the victim had trichomoniasis and he did not. It is undisputed, however, that counsel informed the jury that the State had no evidence Rayner had trichomoniasis, and sexual contact is not the only way trichomoniasis can be transmitted. *Rayner*, 2006 WL 2000701 at *2. From counsel's testimony at the post-conviction evidentiary hearing, it seems clear that he reasonably determined his time was better spent on other defense theories – namely, that the victim lied about the abuse. *Id.*

Rayner fails to show how the state court was unreasonable in applying the *Strickland* standard to this ineffectiveness claim.

*2. Counsel's Failure to Ensure Ramsey's Testimony*

Rayner next alleges that his trial counsel was ineffective for failing to ensure that Rayner's neighbor and co-worker, Leann Ramsey, testified at trial. The Tennessee Court of Criminal Appeals ruled that Rayner did not show prejudice for counsel's failure to call Ramsey as a witness.

> We note that the petitioner makes no definitive arguments as to what further investigation would have revealed. The post-conviction court implicitly accredited counsel's testimony that he investigated all possible witnesses for trial and searched the scene for leads. We can find no reason to dispute the post-conviction court's finding. Additionally, although the petitioner complained about counsel's failure to call Nealson and Ramsey as witnesses at trial, he did not produce either witness to testify at his post-conviction hearing. . . . We may not speculate on what benefit these witnesses might have offered to the petitioner's case, nor may we guess as to what evidence further investigation may have uncovered. Accordingly, the petitioner has failed to demonstrate prejudice in this regard.

*Rayner*, 2006 WL 2000701, at *5 (internal citations omitted.)

The district court held that Rayner had failed to establish prejudice, and therefore found the state court's decision reasonable. (Memorandum, Dist Ct. Docket No. 90, at 15-16.) Rayner argues that Ramsey "could have testified that the [victim] 'would say things and do things if she didn't get what she wanted.'" Appellant Br. at 35. He contends that "[h]aving *any* witness other than an accused child rapist testify that the [victim] was known for dishonesty would undoubtedly have benefitted Mr. Rayner." *Id.* at 35-36 (emphasis in original).

Evidence that would merely benefit a defendant to some possible degree is not enough to show prejudice. Rayner has failed to show why his trial counsel's failure to call Ramsey as a witness leads to a "reasonable probability . . . sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The district court properly found that the state court summarized the appropriate facts and reasonably concluded Rayner failed to show prejudice.

*3. Counsel's Failure to Investigate Nealson and Obtain His Testimony*

Rayner also alleges his trial counsel failed to investigate David Nealson, a co-worker, as a potential suspect, and call Nealson as a witness. The Tennessee Court of Criminal Appeals ruled that Rayner had failed to show that trial counsel's performance was deficient, or that his failure to produce Nealson as a witness prejudiced the outcome of the case. *Rayner*, 2006 WL 2000701, at *5.

The district court held the state court reasonably applied the *Strickland* standard to the facts at issue. (Memorandum, Dist Ct. Docket No. 90, at 15-16.) It further credited the testimony of Rayner's trial counsel that he had sought to locate Nealson by going to the motel where Rayner claimed Nealson worked, and trying to find out if Nealson even existed by checking with his contacts at the police department. (*Id.* at 6.)

Rayner has not provided any basis for finding the state court's decision unreasonable. As in the state court, Rayner failed to bring Nealson as a witness in the district court. The state court noted that Rayner could not prove prejudice, as it could

not "speculate on what benefit [Nealson] might have offered to the petitioner's case;" nor could it "guess as to what evidence further investigation may have uncovered." *Rayner*, 2006 WL 2000701, at *5.

Rayner failed to add to the record in any meaningful way to show that the state court's conclusions were an unreasonable application of clearly established federal law sufficient to grant federal habeas relief under 28 U.S.C. § 2254(d).

*4. Counsel's Failure to Include Presentence Report on Direct Appeal*

Rayner alleges that his trial counsel was ineffective for failing to include his presentence report in the record on direct appeal, thereby foreclosing the appeal court's ability to review his sentencing claims. The Tennessee Court of Criminal Appeals ruled that Rayner met the performance prong of *Strickland*, but failed to show prejudice.

> [T]he petitioner failed to argue in either the lower court or this court how he was prejudiced by counsel's failure to ensure the presentence report was included in the direct appeal record. Prejudice will not simply be presumed by this failure; it must be specifically alleged and proven. It is not the job of this court to ferret out potential problems, thereby serving the function of both court and counsel. The petitioner is not entitled to relief on this issue.

*Rayner*, 2006 WL 2000701, at *6 (internal citations omitted).

Rayner argues that the state and district court made an "unreasonable determination of the facts" in holding that Rayner failed to argue prejudice. Appellant Br. at 37. Rayner's failure to argue prejudice sufficiently in the state and district courts does not constitute a factual determination - the state court concluded on a legal basis that Rayner did not "specifically allege[] and prove[]" prejudice. *Rayner*, 2006 WL 2000701, at *6.

In any case, Rayner fails to show how trial counsel's failure to include the sentencing report would have resulted in a different outcome on appeal. Rayner contested the trial court's application of consecutive sentencing under Tenn. Code Ann. § 40-35-115, which allows courts to impose consecutive sentencing if one of seven

criteria applies.  The trial court found that consecutive sentences were appropriate based on two criteria:  first, that Rayner was

> convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

*Id.* § 40-35-115(b)(5).

Second, the trial court found that Rayner was "sentenced for an offense committed while on probation."  *Id.* § 40-35-115(b)(6).

Rayner contends the trial court was not justified in applying the enhancements because it did not make specific findings about the "aggravating circumstances" of the sexual abuse.  The presentence report Rayner faults his attorney for not producing, however, provides a more than sufficient basis for the "aggravating circumstances."

That report states sexual abuse happened for an undetermined period within a range of three years.  (Investigation Report, Dist Ct. Docket No. 14-9, at 6.)  It also contained statements from the victim's foster parent and counselor that she has sustained serious emotional and psychological damage because of the sexual abuse which Rayner inflicted on her.  (*Id.* at 13-16.)  Rayner fails to address any of this substantive information provided in the presentence report, or show how a new sentencing hearing would likely result in a different outcome.  Rayner therefore does not show how the state court's holding that he had not shown prejudice was unreasonable.[7]

Rayner's arguments about the other enhancement factor also fail to show the state court's decision resulted in an unreasonable application of the law.  Rayner contends that "such a dramatic increase in sentence called into doubt the fundamental fairness of his sentencing."  Appellant Br. at 40-41.

---

[7]Rayner submits that a Tennessee court "refused to apply § 40-35-115(b)(5) on grounds that are *identical* to" this case in *State v. Hayes*, 899 S.W.2d 175, 187 (Tenn. Crim. App. 1995).  Our comparison of the facts in *Hayes* reveals that Rayner's criminal conduct was far more egregious.

Rayner's argument fails for two reasons. First, Rayner fails to acknowledge that the other sentencing enhancement would have justified consecutive sentences. Second, Rayner himself concedes that Tennessee courts have endorsed the application of consecutive sentencing even in cases of misdemeanor probation.

Rayner has not met his burden of showing that it is more likely than not that had his counsel included the presentence report on direct appeal, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## C. Procedurally Defaulted Claims

For a federal court to reach the merits of a petitioner's claims, the petitioner must show he "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Proper exhaustion requires that a petitioner present every claim in the federal petition to each level of the state courts, including the highest state court to which the petitioner is entitled to appeal. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999). Where a petitioner fails to submit a claim to the state courts, a district court must dismiss his petition so that he might go back to the state court and properly present the claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

If a petitioner has not exhausted his claims, but is now procedurally barred from doing so, he must show "cause for the noncompliance" and "actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). Procedural default may also be excused "where a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

## 1. Failure to Test Rayner's Wife and Ensure Her Testimony

Rayner argues that his trial counsel was ineffective for failing to have Rayner's wife, Connie Rayner, tested for trichomoniasis, Appellant Br. at 29, and have her testify at trial. *Id.* at 33-35. Respondent contends that this claim is procedurally defaulted, as it was never raised in state court and cannot be raised now. Rayner attempts to cast his

current claim for counsel's failure to test his wife for trichomoniasis as a part of his claim for failure to investigate. He thus argues his claims all "fairly relate" to the same underlying claim that his trial counsel failed to investigate.

This argument fails. Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review. *Lyons v. Stovall*, 188 F.3d 327, 332-33 (6th Cir. 1999); *see also Pillette v. Foltz*, 824 F.2d 494, 497-98 (6th Cir. 1987) (finding that the "doctrine of exhaustion requires that the same claim under the same theory be presented to state courts before raising it in a habeas petition"; submission of different grounds for ineffective assistance claim in state than in federal court did not constitute exhaustion). While Rayner raised a claim for failure to investigate a defense about trichomoniasis, he never raised the issue of his wife's testimony or the failure to test his wife, either as separate claims or as part of an overarching failure to investigate claim.

Rayner argues that the State mistakenly conflated his contentions about counsel's failure to have his wife tested for trichomoniasis with counsel's failure to ensure his wife's testimony. This cannot be reconciled with how his claims were organized in his Amended Petition to the district court: having his wife tested for trichomoniasis was organized under the claim for counsel's failure to call his wife as a witness. (Amended Petition, Dist. Ct. Docket No. 28 at 15-16.)

Rayner seems to concede that the district court properly found procedural default vis-a-vis his claim of failure to call his wife as a witness. Appellant Reply Br. at 5-6. In any case, Rayner makes no affirmative argument that the district court erred in finding procedural default as to his claim about his wife's testimony. Instead, Rayner only reiterates his arguments about counsel's failure to present an adequate representation of the trichomoniasis defense, discussed *supra*. Accordingly, he has waived this argument. *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999).

Rayner also makes no argument that this procedural default should be excused, under either the cause-and-prejudice or miscarriage of justice exceptions. A petitioner can show cause if he can "show that some objective factor external to the defense

impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. Examples of such objective factors are "'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)).

Rayner has not argued – and there is no indication in the record – of any external factor which served as a barrier to bringing a claim of ineffective assistance on these grounds in the state court. That Rayner himself attempts to cast this claim as only a subset of his other ineffectiveness claims (for failure to investigate and failure to present other testimony) points to the fact that the grounds existed before to bring this claim; Rayner simply failed to do so. This is insufficient to excuse his procedural default.

## III. CONCLUSION

After careful review, we hold that none of Rayner's claims of ineffective assistance of counsel satisfy the demanding standards contained in 28 U.S.C. § 2254(d). The district court's denial of the writ of habeas corpus is AFFIRMED.