In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-2539

OSCAR C. THOMAS,

*Petitioner-Appellant*,

*v.*

MARC CLEMENTS,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 12-cv-1024 — **William E. Callahan, Jr.**, *Magistrate Judge*.

DECIDED AUGUST 7, 2015

Before FLAUM, WILLIAMS, and TINDER, *Circuit Judges*.

PER CURIAM. The panel has voted unanimously to deny appellee's petition for rehearing, and no judge in active service has called for a vote on the petition for rehearing en banc, which also is denied.

EASTERBROOK, *Circuit Judge*, concurring in the denial of rehearing en banc. The panel held that, if two state courts consider a subject, with Court A denying relief on one ground and Court B on a different ground, then a federal

court must ignore the first decision and consider only the second for the purpose of 28 U.S.C. §2254(d). See 789 F.3d 760 (7th Cir. 2015). Section 2254(d) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" contradicted the Supreme Court, applied that Court's decisions unreasonably, or determined the facts unreasonably. If Court A's decision must be ignored, then whatever topic it resolved has not been "adjudicated on the merits" and §2254(d) drops out.

Whether the first in a sequence of state-court decisions should be ignored has divided the courts of appeals. Compare *Barton v. Warden, Southern Ohio Correctional Facility*, 786 F.3d 450, 463 (6th Cir. 2015), and *Barker v. Fleming*, 423 F.3d 1085, 1093 (9th Cir. 2005) (both limiting §2254(d) to the final state-court decision that included at least one reason), with *Collins v. Secretary*, 742 F.3d 528, 546 n.12 (3d Cir. 2014), *Loden v. McCarty*, 778 F.3d 484, 495 (5th Cir. 2015), and *Hammond v. Hall*, 586 F.3d 1289, 1332 (11th Cir. 2009) (considering the explanations given by all state judges).

The panel thought that *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), supports ignoring reasons that precede the final state decision. That is not so clear to me. *Nunnemaker* deals with a situation in which Court A says something and Court B is silent (say, when it denies a petition for discretionary review). When this sequence occurs, *Nunnemaker* holds, the federal court should treat the reason given by Court A as the state's rationale. See also *Hittson v. Chatman*, 135 S. Ct. 2126 (2015) (Ginsburg, J., concurring in the denial of certiorari).

The Court adopted this look-past-silence approach to provide proper respect to the state's effective adjudications. When two state courts give different reasons, and the second (a court of appeals or state supreme court) does not disagree with the first (a trial court or intermediate appellate court), there is little reason to treat the first as having been obliterated. Respect for the state judiciary requires considering both.

Still, there is little point in granting rehearing en banc to move this circuit from one side of a conflict to another. The subject belongs on the Supreme Court's plate.

Rehearing en banc is especially inappropriate because the answer may not matter. I have been generic, talking about "grounds" in general, resolved by "Court A" and "Court B." But most disputes of this kind arise from a single asserted problem: ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668 (1984), ineffective assistance has two components: deficient performance and prejudice. Courts can reject an ineffective-assistance claim by deciding either of these components adversely to the petitioner. Resolving an ineffective-assistance claim on one of these grounds makes for a shorter opinion and also avoids what many judges consider to be dicta (others would call it an alternative holding).

Consider what happened in this case. After Oscar Thomas petitioned for collateral relief, the state's court of first instance held a hearing and concluded that counsel's performance satisfied the Sixth Amendment. Wisconsin's court of appeals did not disagree with that assessment but thought it unnecessary to address the performance component. It held that, even if counsel's performance fell short, Thomas did not suffer prejudice. Our panel thought that the court of ap-

peals had contradicted the Supreme Court by misstating the standard for prejudice—it asked whether better performance would have led to a different result, while *Strickland* poses the question whether there was a reasonable probability of a different result. The panel then put everything the state judiciary had said to one side and made an independent decision on every issue. Nothing any state judge did mattered because the initial decision (about performance) didn't count, and the appellate decision (about prejudice) articulated the wrong legal standard. On the merits, the panel found both deficient performance and prejudice—though it conceded that the case might well have come out the other way had §2254(d) been applied to either component of the ineffective-assistance analysis.

Two legal rules underlie this approach. One is the proposition that the opinion of every state court except the last must be ignored. The other is the proposition that performance and prejudice, the two components of an ineffective-assistance claim under *Strickland*, are separate "claims" for the purpose of §2254(d). The panel discussed the first of these but not the second, and it is on the second that I want to concentrate.

Why should two components of ineffective assistance be separate "claims" for the purpose of §2254(d)? They are distinct *issues*, certainly, but why distinct *claims*? Unless every "issue" is a "claim" for the purpose of §2254(d), it should be enough that the state court adjudicated the ineffective-assistance contention. That it avoided alternative grounds of decision does not mean that it failed to adjudicate the "claim"; addressing either the performance or the prejudice component resolves the claim, and enough is enough.

*Harrington v. Richter*, 562 U.S. 86, 97–100 (2011), holds that §2254(d) applies even when a state court gives no reason; §2254(d) is activated by a decision on the merits, not by the length (or even the existence) of an opinion. Doesn't this imply that, when a state court gives one sufficient reason and stops, the claim has been fully adjudicated? We know from *Davis v. Ayala*, 135 S. Ct. 2187 (2015), that, if a state court rejects a claim on harmless-error grounds, that's a ruling "on the merits" for the purpose of §2254(d). Doesn't this imply that a decision on *Strickland*'s prejudice component resolves the whole ineffective-assistance claim on the merits for the purpose of §2254(d)?

A series of decisions in this circuit since §2254(d)'s enactment in 1996 equates "claim" with "issue." The most thorough of these is *Woolley v. Rednour*, 702 F.3d 411 (7th Cir. 2012). See also, e.g., *Toliver v. Pollard*, 688 F.3d 853 (7th Cir. 2012); *Sussman v. Jenkins*, 642 F.3d 532 (7th Cir. 2011) (Ripple, J., in chambers). These decisions collect earlier opinions, but none explains why "claim" means "issue." Elsewhere we have treated all aspects of ineffective assistance as a single "claim" for the purpose of 28 U.S.C. §2244(b), which addresses successive litigation. See *Duarte v. United States*, 81 F.3d 75 (7th Cir. 1996). Why should "claim" have one meaning in §2244 and a different meaning in §2254?

Before 2011, when the Supreme Court decided *Richter*, panels in this circuit tacitly equated "issue" with "claim" by asserting that §2254(d) requires a federal court to "defer to" the reasoning of the state judiciary—and, when there is no reasoning on a particular topic, there's nothing to defer to. But §2254(d) does not mention deference. It does not treat a state court as if it were a federal administrative agency,

whose decision were being reviewed under the APA subject to the *Chenery* doctrine, which limits the judiciary to evaluating the agency's stated reasons. Section 2254(d) says that, if a state court has resolved a "claim" on the merits, the prisoner's petition must be denied unless an exception has been established. That a state court thinks one reason enough, and omits what on its understanding would be either dictum or an alternative holding, does not authorize the federal court to substitute its judgment for the state judiciary's (which is what "*de novo* review" means).

*Richter* pulled the rug out from under our pre-2011 cases by holding that §2254(d) applies even if the state court was silent. According to *Woolley*, however, although *Richter* rejects this court's original rationale, it does not require a change in result. That's because, in *Wiggins v. Smith*, 539 U.S. 510, 534 (2003), the Supreme Court itself made a *de novo* decision on an issue that the state court did not address, although the state court did resolve the "claim" on the merits. See also *Rompilla v. Beard*, 545 U.S. 374, 390 (2005); *Porter v. McCollum*, 558 U.S. 30, 39 (2009).

*Wiggins*, *Rompilla*, and *Porter* all say that the application of §2254(d) depends on which issues a state court discusses. *Porter*, the most recent of this line, states flatly (558 U.S. at 39): "Because the state court did not decide whether Porter's counsel was deficient, we review this element of Porter's *Strickland* claim *de novo*. *Rompilla v. Beard*, 545 U.S. 374, 390 (2005)." But it is not sound to treat as a holding everything the Supreme Court ever said on the way to any decision. The Court resolves the questions on which certiorari was granted. None of the petitions in *Wiggins*, *Rompilla*, and *Porter* presented the question whether "issue" is the same as

"claim" under §2254(d). None of the briefs in any of these cases devotes an argument to that subject. The Supreme Court did not address that topic in any of its opinions or even recognize that "issue" and "claim" might differ; it has never explained why each component of *Strickland* is a "claim" for the purpose of §2254(d).

We have the judicial equivalent of a rumor chain. The first decision in a sequence (*Wiggins*) makes an unreasoned assertion on which no one had focused—perhaps because in 2003, when *Wiggins* was decided, many lawyers thought about §2254(d) in terms of deference to the state court's reasons and found it natural to say that §2254(d) is limited to issues expressly discussed. Later cases, such as *Rompilla* and *Porter*, repeat an assertion from *Wiggins* that was not important to the questions those petitions raised. Because the parties have not questioned the first link of the chain, the Justices don't question it either. A later decision (*Richter*) then jettisons the assumption behind the first link in the chain, showing that "claim" in §2254(d) is not a synonym for the state court's rationale. But no one notices that the most recent decision affects the earlier assumption, and further litigation gets diverted. The diversion in this proceeding is that the parties have concentrated on the question whether a federal court should look through the opinion of Court B to the reasons on a different issue given by Court A.

Instead of tackling that fallout from *Wiggins*, the Supreme Court ought to revisit the unreasoned statement in *Wiggins* that has made the subject important. The Justices do not think of drive-by statements (that is, things said without the benefit of briefs or reasoning) as "holdings" that need to be followed or overruled. When the subject is finally pre-

sented for consideration, it can be resolved on the merits without pretending that stare decisis controls the outcome. This is so when the topic is subject-matter jurisdiction. See, e.g., *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 91 (1998). When the subject is non-jurisdictional, the non-effect of an unreasoned declaration is even clearer.

The federal judiciary should apply §2254(d) as written and ask whether the state judiciary has decided a "claim" on the merits, rather than whether the last state court has written an opinion about a particular issue relevant to that claim. But the contrary view is entrenched in this circuit's precedent, and it has the support of declarations (if unreasoned ones) by the Supreme Court and several other circuits. See, e.g., *Rayner v. Mills*, 685 F.3d 631, 637 (6th Cir. 2012). Rehearing this case en banc would not avoid the need for the Justices to consider this topic. That is why I have not called for a vote on the petition for rehearing en banc.