EASTERBROOK, Circuit Judge,
concurring.
.We resolve this case as the parties have presented it. Whether they have presented it correctly is doubtful.
For example, at page 941 the court applies the circuit’s doctrine that, because the state judiciary bypassed the “performance” component of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), the federal judiciary’s assessment is unaffected by 28 U.S.C. § 2254(d), even though the state judiciary rejected the ineffective-assistance claim on the merits by concluding that the contested aspects of counsel’s performance did not prejudice Carter. I think that § 2254(d) governs both elements of Strickland once the state judiciary decides an ineffective-assistance claim. Section 2254(d) applies when a state court resolves .a “claim” on the merits. Performance and prejudice are distinct issues, to be sure, but there is only one “claim.” See Thomas v. Clements, 797 F.3d 445 (7th Cir.2015) (opinion respecting the denial of rehearing en banc). But Illinois has not asked us to revisit the cases cited at page 941 & n. 19.
When analyzing the performance element of Strickland, the court asks only whether counsel may have erred by hot interviewing and calling two potential witnesses. That’s the way Carter framed the issue. It is the wrong question to'ask. Strickland directs a court to examine the totality of counsel’s performance, not to concentrate on a supposed error while losr ing sight of what the lawyer did for his client. See Strickland, 466 U.S. at 690-96, 104 S.Ct. 2052; Williams v. Lemmon, 557 F,3d 534 (7th Cir.2009) (applying this aspect of Strickland to another proceeding in which a prisoner contended that counsel had not interviewed and called witnesses). As happens too often, however, lawyers for the state have gone along with the petitioner’s (understandable) desire to focus attention on what trial counsel arguably omitted, rather than the full course of representation. But this does not imply that it is right to ignore what Carter’s lawyers did and focus only on what arguably did not occur.
I said “arguably” in the last two sentences because we do not know whether counsel interviewed McReynolds or Cálmese, or what considerations influenced the decision not to call them. We have only Carter’s views. That’s because counsel have'never been called on to say what they did and explain why they did (or didn’t) do any particular thing, and no judge has decided whether Carter’s allegations are true. The state might well have invoked 28 U.S.C. § 2254(e)(2), which provides that a petitioner who bypassed an opportunity to build a record in state court can’t complain in federal court about the deficiencies of the record. As the court’s opinion, explains (pages 943-44 & n. 23), Illinois has waived,any opportunity to rely on this statute. It may be, as the prosecutor has told us, that in Illinois a petitioner need not invariably make a separate request for a hearing. But Carter not only never requested an evidentiary hearing but also did not complain on appeal in the state system about the absence of one. He evidently wants both state and federal judges to assume that his. view of what occurred is all that matters. That can’t be right. It is not sensible — indeed, usually it *951 is not possible — to decide ■ that defense counsel furnished ineffective assistance without hearing from the lawyer what happened and why.
For reasons the court’s opinion gives, however, none of these issues affects the outcome. I therefore join the court’s opinion, but I also hope'for better performance from appellate counsel in future ineffective-assistance litigation.